## CUNNINGHAM *vs.* PELL.

Where a demurrer is allowed on account of a mere formal defect in the bill, it is a matter of course, except in the case of a sworn bill, to permit the complainant to amend, upon payment of costs, where he asks for that privilege upon the argument of the demurrer.

After a defendant has been brought into court upon an attachment for not answering an amended bill, and has been examined on interrogatories as to the alleged contempt, it is too late for him to object to the regularity of the orders for leave to amend and requiring him to answer the amended bill.

Where a complainant amends his bill by inserting an allegation that it is filed in behalf of himself and all others standing in the same situation, a third person as to whom the right to sue was barred at the time of such amendment so that he could not have filed a bill himself, cannot come in and claim relief against the defendant upon the decree made upon such amended bill.

No new subpœna is necessary to compel the original defendants in the suit to answer an amended bill. The proper course is to enter an order of course for the defendant to answer the amended bill within the usual time after service of a copy of the amendments and of a notice of the order to answer. But the practice is otherwise as to supplemental bills.

In pursuance of the permission given to the complainant in the order overruling the demurrer in this case, (*see* 5 *Paige's Rep.* 613, *S. C.*) he amended his bill by stating therein that it was filed in behalf of himself and all other creditors of the Jersey Bank who should come in, &c., and by making the corporation of the bank a party defendant. Some other trifling amendments in matter of form merely were made. And a copy of the amended bill, with a notice of the order which had been entered to answer the same were duly served on the solicitor of the defendant Ferris Pell, who neglected to answer the bill within the time required by the rules of the court. He was subsequently arrested on an attachment for not answering; and having been examined on interrogatories, the case came before the court upon the question whether the defendant was in contempt.

August 15.

*J. P. Hall*, for the complainant.

*D. Selden*, for the defendant.

THE CHANCELLOR. The question as to the propriety of allowing the amendments is not properly before me at this time. If the amendments, and the order to answer the amended bill, were irregular, the defendant should have applied to the court to take the amendments from off the files and to set aside the order for such irregularity. The defendant cannot be permitted to question the right to amend in this collateral way, by which the complainant would be deprived of the power of answering the objections as to the alleged irregularity in the usual manner.

There is no doubt, however, as to the regularity of the complainant's proceedings, and that the defendant Pell is in contempt for not answering the amended bill. The demurrer was allowed on account of formal objections, and not upon grounds which went to the equity of the whole bill. It would, therefore, have been a matter of course to have allowed the complainant to amend his bill as he should think proper, by a common order entered with the register under the 44th rule, at any time before the demurrer was noticed for argument. And in such a case if the court, upon the hearing of the cause upon the demurrer, allows the same on account of a mere formal defect—such as the want of proper parties—the uniform practice, except in the case of sworn bills, is to allow the complainant to amend on payment of costs, if he has asked for such a privilege on the argument of the demurrer. None of the amendments in this case are of such a nature that they would not have been allowed as a matter of course, in accordance with this practice.

The objection that the complainant makes it an original bill as to himself, by the suggestion contained therein that it is filed in behalf of himself and all others standing in the same situation, would have been wholly untenable if made at the proper time and in the usual way. He is the only real complainant in the suit; and if the other creditors who

may hereafter attempt to come in as parties, under the decree which may be made, could not have filed a similar bill at the time this amendment was made, the same objection may be then made to their claims by this defendant as he could have made if they had filed a bill in their own names at the time these amendments were made. In other words, their rights will be the same as if the complainant had amended by making the other creditors of the bank parties defendants in the suit.

The practice in England is to issue a subpœna for the purpose of compelling an answer to amendments, if such amendments are made after an answer has been put in to the original bill, or after the allowance of a plea or demurrer with leave to amend. But the settled practice of this court for many years has been to compel an answer to an amended bill, in all cases, except as to the new defendants brought before the court by the amendment, by a simple order to answer served upon the solicitor for the defendant who appeared to the original bill. The practice is otherwise as to supplemental bills and bills of revivor. No new appearance to the amended bill was necessary, therefore, and the defendant was bound to answer the same within the time allowed for that purpose by the order of the court, after the service made upon his solicitor in the cause.

The interrogatories were sufficient to give the defendant an opportunity to purge his contempt, so far as any facts were in his own knowledge. They were founded upon the original affidavit upon which the attachment was obtained; which showed that the notice was served upon the solicitor, and not upon the defendant personally. It was impossible for the defendant, upon any interrogatories which could have been framed, to contradict by his own oath the fact stated in the affidavit. His proper course, therefore, if the attachment was irregular, was to apply to set it aside for such irregularity, upon affidavits or other evidence of the facts. Or he might, in answer to the interrogatory whether he had put in his answer to the amended bill within the time limited for that purpose, have stated upon his information and belief any facts which contradicted the affidavit of

the complainant's solicitor, and then have corroborated his answer by the affidavit of his solicitor, as authorized by the statute.

The defendant therefore must be declared to be in contempt for not answering, and a fine must be imposed upon him sufficient to pay the costs of this proceeding, and he must be committed until he answers the amended bill and pays such fine. (*The People* v. *Rogers*, 2 *Paige's Rep.* 103.) The defendant however is to be allowed twenty days to put in his answer and pay the costs, before the order for commitment is enforced; at the expiration of which time, upon filing an affidavit of the service of a copy of this order and that the defendant has not put in his answer and paid the costs or fine imposed, process of commitment may issue of course.