JOSEPH GOILLOTEL, Appellant, *v.* THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK, Respondent.

The provision of the Code of Procedure (§ 73) declaring that the provisions of the title limiting the time for the commencement of actions should not extend to cases where the right of action had "already accrued," applied not merely to the date of the original enactment, but to any subsequent amendment, as of the date thereof.

Accordingly *held*, that the amendment of 1876 to the provision of said title (§ 94), fixing a one year limitation, which added thereto "an action for an injury to the person," did not apply to a cause of action which had accrued prior to the amendment; but that as to such cause of action the statute then in force applied.

(Argued December 13, 1881 ; decided January 17, 1882.)

APPEAL from judgment of the General Term of the Court of Common Pleas in and for the city and county of New York, entered upon an order made February 3, 1879, which affirmed a judgment in favor of defendant, entered upon an order setting aside a verdict and judgment thereon in favor of plaintiff and dismissing the complaint.

This action was brought to recover damages for injuries alleged to have been sustained by plaintiff by reason of the neglect of defendant to keep a sidewalk upon one of its streets in repair.

The cause of action accrued in March, 1873 ; the action was commenced in March, 1877. It was claimed by the defense that the amendment of 1876 to section 94, limiting the time for the commencement of "an action for injury to the person" to one year applied, and that the action was barred.

The court reserved the question as to the effect of such amendment. A verdict was given for defendant, and judgment entered thereon. On motion, the court set aside the verdict and judgment, and dismissed the complaint.

*John A. Foster* for appellant. Statutes are not to be considered as having a retrospective operation unless declared so

to be in the most unequivocal manner. (*Dash* v. *Van Kleek*, 7 Johns. 499, 501; 2 Dwarris on Stat. 677; *Jackson* v. *Van Zandt*, 12 Johns. 169; *Parmer* v. *Conly*, 4 Denio, 377; *S. C.*, 2 N. Y. 182; *Sanford* v. *Bennett*, 24 id. 20; *Yanson* v. *Buffalo*, 1 Keyes, 454; *McManus* v. *Butler*, 49 Barb. 176; *McCahill* v. *Hamilton*, 9 Wkly. Dig. 501; *Jarvis* v. *Jarvis*, 3 Edw. Ch. 490; *People* v. *Supervisors*, 10 Wend. 363; *Calkins* v. *Calkins*, 3 Barb. 305; *People* v. *Carnal*, 6 N. Y. 463; *N. Y. & O. M. R. R. Co.* v. *Van Horn*, 57 id. 473, 477, 478; *Burley* v. *Pampacher*, 5 Duer, 183.) Statutes of limitation, and remedial statutes generally, as well as other statutes, are governed by the same rule of construction. (*Calkins* v. *Calkins*, 3 Barb. 305; *Williamson* · v. *Field*, 2 Sandf. Ch. 533, 568; *Sayre* v. *Wisner*, 8 Wend. 661; *Stone* v. *Flower*, 47 N. Y. 566; *McManus* v. *Butler*, 49 Barb. 176; *Watkins* v. *Haight*, 18 Johns. 138; Angell on Limitations, § 22 and notes; *People* v. *Lord*, 12 Hun, 282; *Murray* v. *Gibson*, 15 How. [U. S.] 421.) Statutes are prospective in operation only, unless a contrary intention is clearly "expressed in them, or is necessarily to be inferred from them." (*Murray* v. *Gibson*, 15 How. [U. S.] 421.) This rule applies equally, whether the new statute is enacted independently or as an amendment to an existing statute. (*Gamble* v. *Beattie*, 4 How. Pr. 41; *Benton* v. *Wickwire*, 54 N. Y. 226; *Ely* v. *Holton*, 15 id. 595: *In the Matter of Peugnet*, 67 id. 444.)

*D. J. Dean* for respondent. The statute of limitations, in terms, is a bar to the maintenance of this action. (Laws of 1876, chap. 431, § 7, p. 453.) A statute shall not be deemed retrospective unless its language is such as to compel such a construction, but it is retroactive if its express letter or manifest intent requires that it should have such effect. (1 Kent's Com. 499; *Satterlee* v. *Matthewson*, 2 Peters, 413; *Watson* v. *Mercer*, 8 id. 110; *B. & S. R. R. Co.* v. *Nesbit*, 10 How. 434; *Patterson* v. *Gaines*, 6 id. 599; *Winston* v. *McCormick*, 1 Ind. 56; *Cook* v. *Kendall*, 13 Minn. 324; *Howell* v. *Howell*, 15 Wis. 55; Cooley on Const. Lim. 365; *Jackson* v. *Lamphire*, 3

Peters, 290 ; *Holmes* v. *Lansing,* 3 Johns. Cas. 75 ; *Sturges* v. *Crowninshield,* 4 Wheat. 122, 200, 201 ; *Morse* v. *Goold,* 1 Kern. 283.) It is only essential that statutes of limitations shall afford a reasonable time after they take effect for the commencement of suits upon existing causes of action ; what shall be considered a reasonable time must be settled by the judgment of the legislature, and does not pertain to the jurisdiction of the courts to inquire. (Cooley on Const. Lim. 366 ; *Stearns* v. *Gittings,* 23 Ill. 387 ; *Call* v. *Haggar,* 8 Mass. 430 ; *Smith* v. *Morrison,* 22 Pick. 430 ; *Price* v. *Hopkins,* 13 Mich. 318 ; *De Mott* v. *Newton,* 31 Ind. 219 ; *Morse* v. *Goold,* 1 Kern. 288 ; *Sturges.* v. *Crowninshield,* 4 Wheat. 122, 200, 201 ; *Hawkins* v. *Barney,* 5 Peters, 457 ; *Smith* v. *Morrison,* 22 Pick. 430 ; *Call* v. *Haggar,* 8 Mass. 423 ; *Rexford* v. *Knight,* 1 Kern. 313 ; Sedgwick on Statutes, 634 ; *Holyoke* v. *Haskins,* 5 Pick. 26.) Statutes of limitations, if enacted without express restrictions to the contrary, govern every action thereafter brought, without regard to the time when the cause of action accrued. (*Patterson* v. *Gaines,* 6 How. 599.) It is the express letter and clearly manifested intention, that the act should have such retroactive effect as includes the case at bar. (*N. Y. & Oswego M. R. R. Co.* v. *Van Horn,* 57 N. Y. 477 ; *Dubois* v. *Kingston,* 20 Hun, 500.) The statute of limitations may well apply to a contract in existence at the time of its passage, provided a reasonable time be allowed before the statute takes effect or the debt is barred, within which creditors may institute their action. (*Morse* v. *Goold,* 11 N. Y. 281, 288 ; *Sampson* v. *Sampson,* 63 Me. 328 ; *Gilman* v. *Cutts,* 2 Foster [N. H.], 376 ; *Fiske* v. *Briggs,* 6 R. I. 557.)

FINCH, J.   The range of argument in this case has extended over the general subject of the power of the legislature to enact laws which operate retrospectively, and the inherent and natural characteristics in that respect of statutes of limitation. Both sides, however, concede the very plain proposition that an act, capable of such construction, must be assumed to operate prospectively, unless its terms indicate a different intent ;

and as our conclusion rests upon this admitted rule, we are spared the necessity of following the line of the arguments.

At the adoption of the Code in 1848–9, the title limiting the period for the commencement of actions was made prospective in its operation. This was effected by the enactment of one general section (§ 73) placed in the front of the changes made, and relieving from their effect causes of action already accrued. As to them, the section declared that the statutes "now in force" should be applicable. This provision, made broadly controlling over the range of the whole title, manifested with great clearness the legislative intent to confine the new provisions to causes of action accruing in the future. That intent spoke necessarily at that date, and dealt with an emergency then present; but itself originated in a prudence and wise justice, which was neither the product of a particular date, nor helplessly chained to it. The reason of the enactment had by no means spent its force when the date of its adoption was passed. Into this title, thus made prospective in its operation by the clearly expressed will of the legislature, an amendment was inserted in 1876, the effect of which was to reduce the limitation of actions to recover for certain personal injuries from six years to one. If it had been there at the original adoption of the Code, its prospective character and operation would have been undoubted; but because it came later, and speaks from a subsequent date, we are asked to infer that the original legislative intent is reversed, and to limit such intent, literally and rigorously, to the precise date of its first and formal expression, notwithstanding the fact that such expression retains its place and has never been repealed. The question has led to a collision of opinions in the Supreme Court. (*Dubois* v. *The City of Kingston*, 20 Hun, 500; *Carpenter* v. *Shimer*, 24 id. 464.) In the first of these cases the effect of section 73 seems not to have been considered. In the last, that section is made the substantial ground of the decision. It meets our approval. • We think the words "already" and "now" in section 73 are to be taken distributively, and apply, not merely to the date of the original en-

actment, but to any subsequent amendment, as of the date of such amendment; that causes of action "*already* accrued" are intended and saved, and the "statutes *now* in force" applied, as well at the date of the change effected by the amendment as at the date of the change accomplished by the original law. In a similar, though not identical case, and in construing another section of the Code, we gave such distributive character to the use of the word "hereafter." (*Ely* v. *Holton*, 15 N. Y. 595.) We gave it expression at each of two separate dates, holding it to relate as to the terms of the original section to the date of its enactment, and as to the terms of a later amendment, to the date of that amendment. In that case the peculiar character of the Code, as a complete revision to be slowly perfected by amendment, and so as to preserve a harmonious text, and enable the scattered parts to easily adjust themselves to each other, was properly recognized. While in that case the section considered was amended by repeating its original terms with the addition of the new, we held that not to be a repeal and then a re-enactment of such original provisions, but that they remained unchanged, and the amendment was equivalent to an independent statute, passed at its date. We followed this mode of construction in *Matter of Peugnet* (67 N. Y. 444), and again treated the word "hereafter" distributively as applied to the statute and its amendment then under discussion. We can see no reason for the rule of construction adopted in those cases which does not exist in the one before us. The original intention which dictated the prospective character of the limitations adopted by the Codes may naturally be supposed to have continued along the line of amendment, since the section which gave it that character was steadily retained through all later changes. It is difficult to believe that an opposite intention governed the amendment while that provision remained, especially in view of the general evil and injustice of retroactive laws, and of the fact that in cases like the present, where the thirty-five days interposed between the passage of the amendment and the date on which it was to take effect, during which the action might have escaped the

impending legislation, thirty were required to be exhausted in waiting a demand upon the comptroller of the city, and but five were left within which to bring the action under the limitation. Granting, as is argued, the power of the legislature, it still remains that a harsh and unreasonable inference of legislative intention is not to be drawn, where the language of the act fairly and naturally admits of one not only more just and wise, but in better harmony with an intention already expressed, and a general system intended to be consistent and uniform. We conclude, therefore, that the plaintiff's cause of action was not barred by the amendment of 1876.

The judgment should be reversed, and new trial granted, costs to abide the event.

All concur, except MILLER, J., absent.

Judgment reversed.