THEODORE BRINKERHOOF AND OTHERS, APPELLANTS, v. HENRY BOSTWICK AND OTHERS, RESPONDENTS.

*Statute of limitations — an action against the directors of a banking association for negligence must be brought within three years — Code of Civil Procedure, secs. 394, 414 — the commencement of the action by one stockholder does not stop the running of the statute against others who subsequently join as plaintiffs.*

This action was brought by stockholders of an insolvent national bank, against the directors thereof, to recover damages occasioned by the negligent and wrongful acts of the defendants, whereby the stock of the plaintiffs was lost, and assessments were levied upon it which they were compelled to pay. The action was commenced by one of the stockholders, on his own behalf and for the benefit of such others as might join therein, on January 10, 1880. All the negligent acts of the defendants were committed between 1871 and 1876.

*Held*, that the action was brought against the directors of a banking association " to enforce a liability created by law;" that it was governed by the limitation prescribed in section 394 of the Code of Civil Procedure and must, therefore, be brought within three years after the cause of action accrued.

That although the plaintiffs' cause of action existed prior to the adoption of the Code of Civil Procedure, yet as he had failed to commence his action before the expiration of two years from the time the said Code took effect, as provided in section 414 thereof, it was governed by the limitation prescribed in the said section (394) and was barred thereby.

That the right of action accrued at the time of the commission of the wrongful acts, and not at the time at which the assessments were levied or paid or the damages actually sustained.

After the commencement of the action, and on January 27, 1883, eight other stockholders were permitted to unite as plaintiffs.

*Held,* that in so far as related to the defense of the statute of limitations the action was, as to the said additional stockholders, to be deemed as commenced at the time they were made plaintiffs, and that the commencement of the action by the original plaintiffs neither arrested nor delayed the running of the statute for them.

APPEAL from a judgment in favor of the defendants, entered upon a nonsuit directed at the circuit.

*O. D. M. Baker,* for the appellants.

*C. Wheaton, M. A. Fowler* and *Samuel Hand,* for the respondents.

DYKMAN, J. :

This action is brought by stockholders of the National Bank of Fishkill against the directors of that bank for the recovery of damages, sustained by the loss of their stock and an assessment thereon besides, resulting from the negligence of the defendants. The answer denied the negligence, and set up the six years' and the three years' statute of limitation as a bar. The action was commenced on the 10th day of January, 1880, by Theodore Brinkerhoof, who sued on his own behalf and for the benefit of all other stockholders of the bank, and it was continued so until January 27, 1883, when, on the petition of eight of the stockholders of the bank, an order was entered permitting them to unite as plaintiffs as of the date of that order. The amended complaint, with the additional plaintiffs, was served February 5, 1883, and the answer to this also denied negligence and set up the same statutes of limitation as a bar. On the trial the plaintiffs offered evidence tending to establish the cause of action alleged in the complaint against the defendants for losses arising from transactions between the years 1871 and December 31, 1876. The defendant objected to such testimony,

on the theory that the action cannot be maintained for transactions resulting in loss more than three years prior to its commencement. This objection was sustained by a decision that the action was subject to the limitation statute of three years. The counsel for the plaintiffs thereupon stated to the court that they could offer no evidence of transactions by the defendants tending to establish the cause of action set out in the complaint which had not been completed at some time between the year 1871 and December 31, 1876. They requested permission to present proof of transactions between those dates and to go to the jury thereon, which was refused, and they excepted to the decision and rested their case. Thereupon the court granted a motion to dismiss the complaint on the ground that the three years' statute of limitations applied to the case, and the plaintiffs excepted. So we have presented the only question for consideration, but it is well enough to say, in passing to the main question, that the eight additional plaintiffs who came in on the 5th day of February, 1883, are beyond the six years' statute of limitations, and left without a remedy. The commencement of the action by Brinkerhoof neither arrested nor delayed the running of the statute for them. It simply left an opening for them to come in and be made parties, as they did. But if they remained inactive until their remedy expired and was lost by lapse of time, it was not saved by the original commencement of the action. (*Cunningham* v. *Pell*, 6 Paige, 655.) The statute of limitations was applied to this case at the trial, on the theory that no malconduct could be established against the defendants within three years before the action was commenced, and that disposition of the case proceeded on the admission of the plaintiffs' counsel to that effect. We must, therefore, see if the application of the three years' statute of limitations was justified. It occurs in a chapter of the Code devoted to the limitation of the time of enforcing a civil remedy, and its language is this: "This chapter does not affect an action against a director or stockholder of a moneyed corporation or banking association to recover a penalty or forfeiture imposed, or to enforce a liability created by law, but such an action must be brought within three years after the cause of action has accrued." (Code, § 394.) The chapter intended here was chapter 4 of the Code; commencing with section 362 and down to section 393, the limitation for all

actions had been specifically prescribed. Then was inserted this section 394, with a broad opening that the chapter does not affect an action against a director of a moneyed corporation to enforce a liability created by law, thus removing such an action from the operation of every other provision for limitation, and then declaring that it must be brought within three years after the cause of action has accrued. The language employed is so broad and so plain and so comprehensive that there is left no room or occasion for construction or doubt. It has plain application to all actions brought to enforce a legal liability or liability created by law coming within its scope and operation. To limit the application of this section to actions for liabilities created by the statutes of this State, against directors of moneyed corporations, organized under a State law, would be placing a restriction on the statute unintended by the legislature. If such had been the legislative intention, nothing was easier than to give it appropriate expression. Instead of doing that, a breadth of language is employed sufficient to comprehend all actions for liabilities created or imposed by law. The liability of directors of corporations for violations of duty exists independently of any statute, and so, in a comprehensive view, it is created by law, and falls within the intention and operation of this section of the Code. They are the agents of the corporation, and if they transcend their power or abuse their trust, their liability rests on the same principle that imposes liability on the agents of individuals. The plaintiffs also contend that they had no right of action against the defendants until the refusal of the receiver to sue, and, therefore, the statute of limitation did not commence running against them until that time; but the argument is faulty. In the first place, it is incorrect to say the plaintiffs had no right of action against the defendants before the refusal of the receiver to prosecute. The right of action accrued with the perpetration of the wrongs by the defendants, and was never suspended. The plaintiffs were under no disability, for while the right to commence an action of this character is generally vested primarily in the corporation while it remains in the exercise of its corporate functions, yet even that right did not exist here, because the corporation was still under the control of the parties against whom the misconduct was alleged and the recovery was sought. The receiver was in the same predica-

ment, for he was a blameful director. So much was decided by the Court of Appeals when this case was there, and on that very doctrine the action was permitted to proceed in the name of the stockholders. These considerations, however, affect only the question of parties to the suit, while the subject of the action remains the same. The cause of action is the negligence and misconduct of the defendants, and that *is* complete when the violation of duty is brought to a consummation, and it must follow that the statute of limitations is running for a bar to the action from that time. It is further contended that the statute was not set running until the assessment against the plaintiffs was made and paid. Let us see. That assessment was the result of the defendants' negligence and misconduct, which is the sole and only cause of action set out in the complaint. There is no claim to recover for money paid out, but for damages sustained. The negligence of the defendants is alleged as the procuring cause of the damages sustained, a portion of such damages consisting of the assessment on the plaintiffs' stock. The liability to this assessment was created by the malfeasance of the defendants, all of which was executed prior to January 9, 1877. The wrongful acts complained of constituted the cause of action and not the effect it produced, nor the damage it occasioned, and the statute runs from the accruing of the cause of action. It still remains to examine a question presented by the appeal, whether section 394 of the Code of Procedure applies to the case. That section became a law on the 1st day of September, 1877, and the cause of action set forth in the complaint accrued against the defendants before January 9, 1877. Did the provision of this section 394 extend to this case, where the right of action had already accrued when it became a law? The general rule for the construction of statutes is that they must be assumed to operate prospectively, and they are never to have retroactive effect, unless the manifest intention of the law itself requires it. Nothing in the language of the section of the Code now under consideration requires the application of any other rule. Like all the provisions in the old Code of Procedure, it is made prospective. The first Code of Procedure relieved causes of action already accrued from the operation of the statute of limitations therein contained, and all the subsequent amendments of that statute have received from the

courts a construction which has given them a similar operation. *Carpenter* v. *Shimer* (24 Hun, 464) was an action to recover for personal injuries. The cause of action accrued in June, 1874, and the action was commenced in April, 1877. In May, 1876, the time of limitation for the commencement of such an action was reduced to one year, by an amendment to the Code, and it was held that the amendatory statute operated prospectively only, and did not affect a cause of action existing at the time of its passage. This decision received the approval of the Court of Appeals, in the case of *Goillotel* v. *The Mayor* (87 N. Y., 441), where a similar decision was made by the Court of Appeals. It is true these decisions have reference to an amendment of the old Code, while the statute before us is contained in the Code of Civil Procedure, which is a new law, yet it must be borne in mind that the question is whether it is to have a retroactive effect, and the rule of interpretation is the same whether the statute is enacted independently or as an amendment to an existing law. In view, therefore, of the general rule of construction and the authorities referred to we cannot resist the conclusion that the section under consideration is capable of a construction that will give it a prospective operation, and is incapable of any other. It furnishes a rule for future action in cases arising subsequent to its enactment. This view of the section would rescue the case from its operation and leave the former statute applicable, except for section 414, which now requires examination. So far as the same has relation to this action it enacts that the provisions of chapter 4, in which, as we have seen, section 394 occurs, apply and constitute the only rule of limitation applicable to a civil action, except in a case "in which a person is entitled when this act takes effect to commence an action," * * * "where he commences, institutes or otherwise resorts to the same before the expiration of two years after this act takes effect; in either of which cases the provisions of law applicable thereto immediately before this act takes effect continue to be so applicable notwithstanding the repeal thereof." This section of the Code provides exemption for all causes of action existing at the time of its adoption from the system of limitations provided by chapter 4, and furnishes a short statute of limitations of two years for the control of actions commenced thereon. It applies to all causes of action accrued at that time, and

limits the right to all remedies thereon unless pursued within two years. It was designed to have retroaction, and as it affords a reasonable time and opportunity for the assertion of all legal rights then existing, it was within the competence of the legislature to make it. There is no vested right in any particular remedy. The legislature may abolish old remedies and substitute new at its will so long as reasonable legal means is left to enforce a right or redress a wrong. The cause of action asserted by these plaintiffs occurred previous to January 9, 1877, and so was in existence on the 1st day of September, 1877, when this section (414) of the Code became a law. Under it the plaintiffs had two years within which to commence their action, but they did not begin the same until January 10, 1880. They did not institute their action before the expiration of two years after the section took effect, and therefore the provisions of section 390 constitutes the rules of limitation applicable to this action.

This examination leads to the conclusion that the judgment should be affirmed, with costs.

PRATT, J., concurred; BARNARD, P. J., not sitting.

Judgment affirmed, with costs.