(40 Misc. Rep. 135.)

### In re SAYLES.

(Supreme Court, Special Term, New York County. February, 1903.)

1. BAIL—FORFEITURE—REMISSION.
    There is no statutory limit to a motion for remission of forfeiture of an undertaking for bail.

2. SAME.
    The remission of an undertaking for bail in the city of New York is governed by Pen. Code, § 597, providing that the Supreme Court may remit the forfeiture, or any part thereof, on such terms as are just.

3. SAME—CONSENT OF DISTRICT ATTORNEY.
    Laws 1882, p. 371, c. 410, § 1482, providing that forfeiture of bail shall not be remitted without the certificate of the district attorney, does not apply to the city of New York, it being governed by Pen. Code, § 597.

4. SAME—EVIDENCE.
    On an application for remission of forfeiture of bail, it appeared that the prisoner defaulted in 1886, after giving bail, and returned in 1890, when he again gave bail, but that at that time the indictment was dismissed for lack of evidence, and the assistant district attorney then in office filed an affidavit that the people lost no rights by the escape. *Held*, that the forfeiture directed when the prisoner defaulted would be remitted.

¶ 4. See Bail, vol. 5, Cent. Dig. § 350.

Application by Solomon Sayles for remission of forfeiture of bail, and that the amount paid by him under such forfeiture be returned to him. Motion granted.

On April 13, 1886, one Henry L. Sayles was duly indicted for the crime of bribery. Thereafter said Henry L. Sayles was held to answer upon the said indictment, and applicant gave bail in the sum of $25,000 for the appearance to answer of the said Henry L. Sayles upon the trial. On the failure of said Henry L. Sayles to appear, the court, on October 13, 1886, duly ordered the forfeiture of said bail. On said last-mentioned day judgment for $25,000 was entered against this applicant, and thereafter the said amount, with all costs, charges, and expenses was paid by the applicant to the comptroller and chamberlain of the city of New York. Thereafter, on May 7, 1890, the said Henry L. Sayles returned to the jurisdiction of the court, and voluntarily surrendered himself for trial upon the said indictment. He was again admitted to bail. The said Henry L. Sayles remained within the jurisdiction of the court until June 13, 1890, when, upon the motion of the Honorable John R. Fellows, the then district attorney, upon the ground that there was not, and never had been, any evidence justifying the indictment or trial of said Henry L. Sayles, said indictment was duly dismissed by the court of general sessions. This motion is based upon the alleged facts that between the date of the forfeiture of said bail, to wit, on the 13th day of October, 1886, and his surrender, on the 7th day of May, 1890, at which time this applicant gave new bail for said Henry L. Sayles, the situation with respect to the indictment and trial of the said defendant remained the same, and that all of the witnesses against him, if any, were still within the jurisdiction of the court, and available, and he could have been tried as well at said time, and with the same likelihood of conviction, if any, as at the time said bail was forfeited.

Joseph A. Flannery, for Solomon Sayles.
William Travers Jerome, Dist. Atty.

TRUAX, J. If the contention of the district attorney is right, a motion of this kind could not be made after a district attorney had retired from office, for how can a district attorney who was not in office at the time that the recognizance was forfeited certify that the people of the state of New York have lost no rights by reason of the failure of a surety to produce a principal in compliance with the terms of a recognizance given by him, and that, by reason of the principal's being produced, the people of the state of New York are in as good a position to prosecute said principal as when said failure occurred? A literal interpretation of the statute (section 1482, c. 410, p. 371, of the Laws of 1882) would imply that the certificate was to be issued only by the district attorney who was in office at the time of the forfeiture of the recognizance, and would not authorize a certificate upon information and belief. It is well settled that there is no statute of limitation barring an application of this kind (People v. Nooney, 64 Hun, 171, 19 N. Y. Supp. 134), and yet, if the contention of the district attorney is correct, there would be a statute of limitation which would bar the making of the application after the tenure of office of the person who was district attorney at the time the recognizance was forfeited had expired, for I take it that the words "the district attorney" mean the person who was district attorney at the time the recognizance was forfeited, and does not mean some subsequent district attorney. Moreover, the construction given to section 1482 by the district attorney would, in effect, make the district

attorney the sole judge of whether a judgment entered on a forfeited recognizance should or should not be opened, because, if he should refuse to give the certificate required by section 1482, if the contention of the learned district attorney is correct, the court could not open the judgment. Such cannot be the law. Sections 597 and 598 of the Code of Criminal Procedure would be rendered nugatory if the contention of the district attorney is correct. Section 597 says that the Supreme Court may remit the forfeiture, or any part thereof, upon such terms as are just, while all that section 598 requires is that an application for a remission of the forfeiture must be made on at least five days' notice to the district attorney of the county. Now, if his certificate is a prerequisite, why should he have notice of the application? The district attorney also contends that the abovementioned sections, 597 and 598, are controlled by section 1482 of the consolidation act, because the latter section was passed later than the former two sections. It is true that said section 1482 was passed subsequently to sections 597 and 598, but section 597 was amended in 1895 (which was subsequent to the passage of said section 1482 of the consolidation act), so that it reads as it now reads, and therefore became a law subsequent to the passage of said section 1482 of the consolidation act. Goillotel v. Mayor, 87 N. Y. 441.

It now remains to be considered whether the people lost any rights by the escape of the indicted person. The papers show that some time after his escape the indicted person returned to this county, and surrendered himself, and was again admitted to bail; that some time after such surrender and admission to bail John R. Fellows, who was then district attorney, moved for the dismissal of the indictment, and then stated in open court that there was not, and never had been, any evidence justifying the indictment or trial of said indicted person, and Mr. Delancy Nicoll, who was, in the years 1886, 1887, and 1888, an assistant district attorney, and who was thoroughly familiar with the matters out of which this indictment grew, makes an affidavit, which is used on this motion, that the people lost no rights during his said term of office by reason of the absence from this jurisdiction of the said indicted person. He further certifies that he verily believes that the people lost no rights prior to the surrender of the indicted person, which took place on the 7th day of May, 1890.

Motion granted.