COUNTY OF ERIE, Respondent, *v.* MAX LOWENSTEIN and Others, Defendants, Impleaded with CITY OF TONAWANDA, Appellant.

Fourth Department, June 30, 1922.

**Taxation — statute amending act dissolving village and incorporating city by eliminating provision making taxes lien on land for ten years is not retroactive.**

Section 6 of chapter 793 of the Laws of 1917, amending the Tonawanda city charter (Laws of 1905, chap. 357, tit. 7, § 7), which revised the act (Laws of 1903, chap. 22, tit. 8, § 7) dissolving the village and incorporating the city of Tonawanda, by eliminating therefrom a provision making taxes a lien on the land

for ten years, thus making such taxes a lien after filing the roll with the city treasurer until paid or otherwise satisfied or discharged, is not retroactive, and the statute in force at the time the assessment was made and the roll delivered applies.

HUBBS and SEARS, JJ., dissent, with memorandum.

APPEAL by the defendant, City of Tonawanda, from a judgment of the County Court of the county of Erie in favor of the plaintiff, entered in the office of the clerk of said county on the 21st day of September, 1921, upon the report of a referee appointed to hear and determine the issues.

*Roland Baxter,* for the appellant.

*Asher B. Emery* and *Robert C. Palmer* [*M. Edwin Merwin* of counsel], for the respondent.

KRUSE, P. J.:

The action is brought to sell for taxes certain real estate upon which the taxes are claimed to be a lien, and pay the taxes according to their respective priority.

The question presented by this appeal is whether the lien of certain taxes assessed by the village and city of Tonawanda was extended beyond the term of ten years, as was provided by the statute in force at the time the lien became effective, such statute having thereafter been amended by eliminating the ten-year limitation. The controversy is between the county of Erie and the city of Tonawanda. The taxes are the annual county taxes for 1904 to 1920, inclusive, and the city taxes for 1902 to 1920, inclusive. No question is raised about the lien of the county taxes, nor the city taxes, save the taxes levied before 1911, as to which the court below held that the lien had expired.

The former village of Tonawanda was organized and incorporated as a city in 1903. (Laws of 1903, chap. 22.) The village had levied one of the taxes in dispute in 1902. The law then applicable made this tax a lien on the real property upon which it was levied, from the date of the delivery to the collector of the warrant for the collection thereof, until paid or otherwise satisfied or discharged. (Village Law [Gen. Laws, chap. 21; Laws of 1897, chap. 414], §§ 112, 113. See Laws of 1898, chap. 539, amdg. § 113. See, also, Laws of 1896, chap. 513, § 4.) Presumably the warrant was delivered to the collector as in the act provided.

The act incorporating the city dissolved the village organization and the city succeeded to all the rights of the village, and the act specifically provided that all such rights should in no wise be affected or changed by the act incorporating the city. (Laws of 1903, chap. 22, tit. 1, § 5; Tonawanda City Charter [Laws of 1905,

chap. 357], tit. 1, § 6; Id. tit. 26, § 13, repealing Laws of 1903, chap. 22, but preserving existing rights.)

The original act incorporating the city provided that upon the filing of the assessment rolls with the city treasurer the taxes and assessments made upon the several parcels of land specified in the roll, together with interest thereon and additions thereto " shall be and remain a lien and charge upon the said lots or parcels of land, respectively, for ten years from the time of filing the said assessment rolls with the city treasurer, superior to all other liens, right, title, or estate therein, until paid or otherwise satisfied and discharged, and shall have priority over all other taxes in the inverse order of time in which they become liens." (Laws of 1903, chap. 22, tit. 8, § 7.)

These provisions became section 7 of title 7 of the Tonawanda City Charter of 1905 in substantially the same phraseology. This section was amended in 1917 by eliminating the ten-year limitation, thus making such taxes a lien upon the land after filing the roll with the city treasurer until paid or otherwise satisfied or discharged. (Laws of 1917, chap. 793, § 6.)

We are of opinion that the statute in force at the time the assessment was made and the roll delivered applies. It is a familiar rule in construing a statute that it operates prospectively unless its terms indicate a different intent. (*Goillotel* v. *Mayor, etc.,* 87 N. Y. 441; *Jacobus* v. *Colgate,* 217 id. 235; *People ex rel. Provident Savings Life Assurance Society* v. *Miller,* 179 id. 227, 230.) And this rule applies to an amendment of a statute. (*Benton* v. *Wickwire,* 54 N. Y. 226.)

The tax levied by the village in 1902 should be added to those declared by the judgment to be valid liens against the premises, but payable last in the order of priority, and as so modified the judgment should be affirmed, without costs to either party. ,

All concur, except HUBBS and SEARS, JJ., who dissent in a memorandum by HUBBS, J.

HUBBS, J. (dissenting):

I am unable to agree with the result reached by Presiding Justice KRUSE in his opinion in this case. The primary fact is the assessment of the tax and the subsequent proceedings which made it a lien. The lien was a charge or incumbrance upon the land in favor of the municipality. The land should bear its proportionate share of the expenses of government and the lien represents the equitable share of governmental expenses which the land should pay. The statute which pointed out the procedure for fastening upon the land the lien or liability to pay, when complied with,

established the primary obligation or lien. It also limited the right of the municipality to take proceedings to enforce that right or lien to a period of ten years. The limitation was not a grant of a right. It was a limitation upon the municipality, restricting its right to enforce its lien. When the statute was passed with-drawing that limitation, the lien was still in existence. It did not deprive the land of any right. It simply removed the restriction upon the municipality. It was not retroactive in the sense that it placed a burden upon the land that did not exist when it was enacted. It simply extended the right of the municipality to enforce the lien which it already. had. It affected the remedy only and looked to the future.

I am unable to distinguish this case from the case of *Hopkins* v. *Lincoln Trust Co.* (233 N. Y. 213). The Court of Appeals reversed this court in that case. (199 App. Div. 909.) The plaintiff sued at law to recover damages for fraud, which cause of action accrued in August, 1912. At that time there was a six-year Statute of Limitations and the remedy was barred in August, 1918. Two years later the statute was amended so that in actions for fraud the cause of action was deemed to accrue upon the discovery of the fraud. (See Code Civ. Proc. § 382, subd. 5, as amd. by Laws of 1920, chap. 480; now Civ. Prac. Act, § 48, subd. 5, as amd. by Laws of 1921, chap. 199.) The plaintiff began the action in 1920 and alleged that he did not discover the fraud until 1919. The trial court held that the amendment affected the remedy and that the action was brought in time. This court affirmed and the Court of Appeals reversed, holding that the amendment did not revive causes of action which had expired and which were extinguished. How-ever, Judge CARDOZO, in his opinion, said: " In thus holding, we do not deny its application to rights accrued, but not extinguished. [*Matter of Berkovitz* v. *Arbib & Houlberg*, 230 N. Y. 261, 270.] The period of limitation, though it has begun to run, will be extended. The exception is confined to cases where the period has expired."

In the case at bar the period of limitation had begun to run but it had not expired.

SEARS, J., concurs.

Judgment modified by adding the village tax of 1902 to those declared by the judgment to be valid liens against the premises, but payable last in the order of priority, and as so modified the judgment is affirmed, without costs of this appeal to either party.