JUDGE WILLIAMS
delivered ran response oe the court overruling appellant’s petition :
The judgment sought to be reversed by this appeal was rendered at the March term, 1861, of the Bath circuit court. The record was not filed and an appeal taken until September 26, 1866, a period of over five years.
The appellees pleaded that more than three years had elapsed, after the rendition of the judgment, before appeal taken, and that it should be dismissed as provided by the Revised Statutes. (2 Stant. Rev. Stat., 131.)
The effect of this statute is sought to be avoided by an act of March 5, 1865 (Myers' Supplement, 294), which applies to Bath county the act of February 20, 1864 (same, 293), relative to the counties of Letcher, Pike, Perry, and others, “ to suspend the running of the statute of limitations.”
It will be observed, however, that the bar to this appeal had become complete by the provisions of the Revised Statutes in March, 1864, nearly a year before this enactment suspending the running of the statute of limitations in Bath county.
There can be no doubt but that the policy of limitations, as to when it shall or shall not bar further proceedings, or whether there shall be any limitations to causes of action, &c., are all within the sovereign control of the Legislature, and may be changed or repealed at any time; but such action of the Legislature cannot affect or divest vested rights. So that, however omnipotent may be their control over such statutes, yet, when the bar is complete before the repeal, modification, extension, or suspension of such statutes, such alterations will never be construed as attempting to revive rights barred at the time of the new enactment, unless expressly so provided, and then its constitutional validity will be necessarily involved.
*454 When a bar is completed by the provisions of the statute, it necessarily ceases to run. As to that case, its quieting effect has been perfected and exhausted, and neither a modification nor repeal of the statute will be construed to embrace such a case without express provision.
The act of February 20, 1864, referred to, provides that “ no statute of limitation shall run against any cause or right of action existing in said counties from the first day of May, 1861, until law and order are again restored.” And, doubtless, this statute must have the effect of striking from the computation such time, in all cases which were not then barred, and in which the statute was running at the time of this enactment. But we do not suppose the Legislature intended by this language to revive barred actions. If so, they have most unfortunately expressed their intention. As to such actions, the laws then in force, and the exceptions to the running of the statute of limitations, must determine whether they were barred at the date of said enactment.
Testing this case by this rule, nothing appears herein why the three years, as provided by the Revised Statutes, did not bar the prosecution of this appeal. And before the statute of March 5, 1865, can be applied to it, the appellant must show that his right of appeal had not been barred at the date of said enactment.
Wherefore, the petition for a rehearing is overruled.