## JOHN DAVIS v. WM. DAVIS.

**Pleading—Limitations.**
> Plea in bar, when court suspended by military authority.

**States.**
> The Legislature may, at its will change, modify or repeal the Statutes of Limitation, so that it does not change or injuriously affect vested rights.

APPEAL FROM JOHNSON CIRCUIT COURT.

December 14, 1870.

OPINION OF THE COURT BY JUDGE PETERS:

The cause of action accrued in the spring of 1860. By an act of the Legislature, approved *20th of February, 1861, Myers' Supp. 293-4.* The running of the statute of limitations was suspended in the county of Johnson, in which county this suit was brought, from the 1st of May, 1861, until quiet was restored and the courts could be held in said county, and, according to the proof, no circuit court was held in said county until May, 1865, and this suit was brought in February, 1869; counting out the time during which the running of the statute of limitations was suspended by said act, even if one year, had expired before the 1st of May, 1861, still the bar would not have been complete until May, 1869, three months after the suit was brought.

In *Cassity vs. Storm, &c., 1 Bush 452,* in commenting on the statute of *1864,* this court said this statute doubtless must have the effect of striking from the computation such time in all cases which have not been barred, and in which the statute was running at the time of its enactment. It is true that the question involved in that case was not the precise question in this. But the doctrine was fully recognized in that case, and has been in many others, that the Legislature of the State may change, modify, or repeal statutes of limitations at its will, so that it does not change, or injuriously affect, vested rights, rights perfected by the law before its modification, or repeal.

We must, therefore, give effect to the statute *supra.*

As to the lands claimed by appellant and for which the court gave him no relief, he filed no title papers, and his claim was too imperfectly set out, and the location too uncertain to authorize judicial atcion on that branch of the case.

Concurring, therefore, with the circuit court, his judgment must be *affirmed.*

*Moore, Ireland,* for appellant.
*Stewart & Brown,* for appellee.