LYDIA HULBERT et al., as Administrators, etc., Respondents, *v.* WILLIAM B. CLARK et al., Appellants.

The Statute of Limitations is merely a statutory bar to a recovery, and acts only upon the remedy; it does not after the prescribed period destroy, discharge or pay a debt or produce a presumption of payment, but simply stands in the way of the creditor seeking to compel payment.

A lien on property, personal or real, given as security for a debt, is not impaired by the fact that the remedy at law for the recovery of the debt is barred by the statute.

*It seems* the legislature may repeal the statute, and that a debt upon which the right of action was barred by the statute at the time of the repeal may thereafter be enforced by action without invading the constitutional rights of the debtor.

An action for the foreclosure of a mortgage given to secure the payment of certain promissory notes was brought within twenty years of the date of the mortgage but more than six years after the notes fell due. There was no covenant in the mortgage to pay the notes. *Held,* that the action was not barred by the Statute of Limitations; that the mortgage continued to be a subsisting lien, and could be foreclosed after an action at law upon the notes was barred by the statute.

*Jackson* v. *Sackett* (7 Wend. 94), distinguished and limited.

*Borst* v. *Corey* (15 N. Y. 505), distinguished and questioned.

Reported below, 57 Hun, 558.

(Submitted June 10, 1891; decided October 6, 1891.)

APPEAL from judgment of the General Term of the Supreme Court in the fifth judicial department, entered upon an order made October 23, 1890, which modified, and affirmed as modified, a judgment in favor of plaintiffs, entered upon the report of a referee.

This action was commenced in July, 1887, to foreclose a mortgage executed and delivered by the defendants to Reuben D. Hulbert, the plaintiffs' intestate, on the 8th day of March, 1867.

The mortgage, as stated therein, was given to secure the payment of eight promissory notes of $500 each held by Hulbert, all bearing the same date as the mortgage, and maturing at different times within nine months from their date. It was provided that the mortgage should become void if the notes, principal and interest should be paid at maturity, but that in case of default in the payment of the notes or any part thereof, it should be lawful for the mortgagee to sell the mortgaged premises in the manner prescribed by law, and out of the moneys received upon such sale to retain the amount then due and unpaid upon such notes, and to pay the balance, if any, to the mortgagor William B. Clark. There was no covenant to pay the notes or the mortgage. The answer alleged payment of the notes, a set-off and the six years' Statute of Limitations.

The action was referred and tried before the referee. He found that two of the notes had not been paid, and that there was due thereon over and above the set-offs allowed by him the sum of $1,310.09 ; and he decided that the mortgage was a subsisting security for that sum, and ordered judgment of foreclosure.

*J. N. Hammond* for appellants. An action cannot be maintained to foreclose a mortgage and thereby collect a debt when the debt itself could not be collected directly on account of its being barred by the Statute of Limitations. (*Aymar* v. *Bill*, 5 Johns. Ch. 70 ; *Jackson* v. *Willard*, 4 Johns. 41 ; *Ross* v. *Terry*, 63 N. Y. 613 ; *Kellogg* v. *Smith*, 26 id. 18 ; *Bergen* v. *Urbahn*, 83 id. 50 ; *Merritt* v. *Bartholick*, 36 id. 44.) Where law and equity have concurrent jurisdiction a claim barred at law is also barred in equity. (*In re Neilly*, 95 N. Y. 382 ; *Butler* v. *Johnson*, 111 id. 204 ; *Bonney* v. *Stoughton*, 122 Ill. 536 ; *Cortwright* v. *McGowan*, 121 id. 388 ; *Hendrickson* v. *Hendrickson*, 42 N. J. Eq. 657 ; *Hatch* v. *St. Joseph*, 68

Mich. 220; *Hollister* v. *York*, 59 Vt. 1; *Humphrey* v. *Carpenter*, 39 Minn. 115; *Godden* v. *Kimmell*, 99 U. S. 201; *Lewis* v. *Marshall*, 5 Pet. 470; *Coulson* v. *Walter*, 9 id. 62; 12 id. 32; 2 Wall. 87; 11 id. 96; 16 id. 190; *Jackson* v. *Sackett*, 7 Wend. 94; *Borst* v. *Cory*, 15 N. Y. 505; *Duty* v. *Graham*, 12 Tex. 427; *Goldfrank* v. *Young*, 64 id. 432; *Ebam* v. *Cannon*, 32 id. 231; *Bridges* v. *Blake*, 106 Ind. 332; *Kyger* v. *Riley*, 2 Neb. 20; *Peters* v. *Dunnelis*, 5 id. 460; *Hurley* v. *Estes*, 6 id. 386; *Henry* v. *C., etc., Co.*, 1 Nev. 619; *Chick* v. *Willetts*, 2 Kan. 385; *Schmuckers* v. *Sibert*, 18 id. 104; *Gower* v. *Winchester*, 33 Ia. 303; *Burton* v. *Hintrager*, 18 id. 348; *Sangster* v. *Love*, 11 id. 58; 4 id. 434; 38 id. 112; 19 id. 244; 37 id. 570; *Harris* v. *Mills*, 28 Ill. 44; *Hogan* v. *Parsons*, 67 id. 170; *Brown* v. *Devine*, 61 id. 260; *Pollock* v. *Matson*, 41 id. 517.) This note is presumptive evidence that a settlement was made at the date of it, of all demands between the parties, and a statement between them at that date of a balance due the payee to the maker, upon such settlement, of the amount of the note. (*Proctor* v. *Thompson*, 13 Abb. [N. C.] 340; *Lake* v. *Tyson*, 6 N. Y. 461; *Dutcher* v. *Porter*, 63 Barb. 15, 19.)

*F. L. Manning* for respondents.

EARL, J.   The sole question for our determination is whether the mortgage continued to be a subsisting lien and could be foreclosed after an action at law upon the notes was barred by the Statute of Limitations. This is an interesting question which has given rise to considerable discussion in the courts of this country and England. We do not, however, deem it difficult of solution.

The Statute of Limitations does not after the prescribed period destroy, discharge or pay the debt, but it simply bars a remedy thereon. The debt and the obligation to pay the same remain, and the arbitrary bar of the statute alone stands in the way of the creditor seeking to compel payment. The legislature could repeal the Statute of Limitations and then the pay-

ment of a debt upon which the right of action was barred at the time of the repeal, could be enforced by action, and the constitutional rights of the debtor are not invaded by such legislation. It was so held in *Campbell* v. *Holt* (115 U. S. 620). It was held in *Johnson* v. *Albany & Susquehanna R. R. Co.* (54 N. Y. 416), that the Statute of Limitations acts only upon the remedy; that it does not impair the obligation of a contract or pay a debt or produce a presumption of payment, but that it is merely a statutory bar to a recovery; and so it was held in *Quantock* v. *England* (5 Burr. 2628), and so it has ever since been held in the English courts.

These notes were, therefore, not paid, and so the referee found. The condition of the mortgage has, therefore, not been complied with. The notes being valid in their inception the only answer to the foreclosure of the mortgage is payment. The mortgage was given to secure payment of the notes, and until they are paid the mortgage is a subsisting security and can be foreclosed. The mortgage being under seal can be foreclosed by action at any time within twenty years. (Code, § 381.) It is only an action *upon* the notes that is barred after six years. (Code, § 382.)

It is a general rule recognized in this country and in England that when the security for a debt is a lien on property, personal or real, the lien is not impaired because the remedy at law for the recovery of the debt is barred.

The subject has several times been under consideration in the courts of this state. In *Jackson* v. *Sackett* (7 Wend. 94), ejectment was brought on a mortgage executed as collateral security for the payment of a sum of money secured to be paid by a note. The note had been past due more than twenty years when the action was commenced. Upon the trial it was the contention of defendant's counsel that from the lapse of time the note must be presumed to have been paid, and on that ground the court nonsuited the plaintiff. The Supreme Court upon review held that the evidence as to payment ought to have been submitted to the jury, and nothing else was decided. It was, in fact, held that payment of the note was

the only defense to the action, but the judge writing the opinion expressed what must now be conceded to be erroneous views as to the presumption of payment furnished by the Statute of Limitations. He appeared to be of opinion that after six years there was a statutory presumption of payment, not a presumption of law, but a presumption of fact from which, with other evidence, the jury might infer payment. In *Heyer* v. *Pruyn* (7 Paige, 465), the chancelor said that the intimation of an opinion by Justice Sutherland in *Jackson* v. *Sackett*, " that a mortgage to secure a simple contract debt was presumed to be paid in six years because the Statute of Limitations might at the expiration of that time be pleaded to a suit on the note, certainly cannot be law." The case of *Pratt* v. *Huggins* (29 Barb. 277) is quite like this. That was an action to foreclose a mortgage given to secure the payment of $250, for which the mortgagee at the same time took the mortgagor's promissory note. The note and mortgage were dated February 5, 1835, and were payable February 1, 1836. The action was commenced September 6, 1855. Upon the trial the defendant claimed that the plaintiff could not maintain the action because an action upon the note was barred by the Statute of Limitations, and so the trial judge held and gave judgment for the defendant. The plaintiff appealed to the General Term, and there, after much discussion and consideration the judgment was reversed, the court holding that a debt secured by a sealed mortgage and an unsealed note may be enforced by a foreclosure of the mortgage after the expiration of six, but before the expiration of twenty years from the time when the debt became due ; that the lapse of six years is not conclusive evidence that the mortgage has been paid, and that the provision of the Statute of Limitations making the lapse of six years a bar in such a case, is in terms confined to an action upon the note, and does not operate to defeat a remedy on the mortgage. There, as here, there was no covenant to pay in the mortgage, and the mortgage was collateral to the note. In *Mayor, etc.*, v. *Colgate* (12 N. Y. 140), it was held that the lien of an assessment which was to

be regarded in effect as a mortgage, could be enforced after the Statute of Limitations would have barred a common-law action against the person liable to pay the same for the recovery thereof. In *Morey* v. *Farmers' Loan and Trust Co.* (14 N. Y. 302), an action by the vendee for specific performance of a contract under seal to convey land, on payment of the purchase-money, it was held that the presumption arising from the lapse of twenty years after the money became due was not sufficient evidence of payment to entitle the plaintiff to the relief demanded. To the same effect is *Lawrence* v. *Bull* in the same volume at page 477. In *Borst* v. *Corey* (15 N. Y. 505), it was held that an action to enforce the equitable lien for the purchase-money of land, was barred by the lapse of six years after the debt accrued. The reasoning by which the result was reached in that case is not altogether satisfactory, and yet that decision is not in conflict with the views we now entertain. The judge there writing the opinion said : " The equitable lien (for the purchase-money) is neither created nor evidenced by deed, but arises by operation of law, and is of no higher nature than the debt which it secures." He distinguished that case from one like this as follows : " It has, however, been held that when a mortgage was given to secure the payment of a simple contract debt, the statute limiting the time for commencing actions for the recovery of such debt was no bar to an action to enforce the mortgage," and he cited among other cases *Heyer* v. *Pruyn*. He said further : " There is a material distinction between a mortgage and the equitable lien for the purchase-price of land given by law, and also between an action to foreclose a mortgage and one to enforce a lien. The action to foreclose a mortgage is brought upon an instrument under seal, which acknowledges the existence of the debt to secure which the mortgage is given ; and by reason of the seal the debt is not presumed to have been paid until the expiration of twenty years after it became due and payable." In *Johnson* v. *Albany & Susquehanna R. R. Co.* (*supra*), the action was to compel defendant to issue its certificate for stock subscribed for after an action to compel the subscriber to pay for

the stock had been defeated on the ground that the action was barred by the Statute of Limitations; and it was held that the plaintiff, notwithstanding the statutory bar, could recover only upon proof of actual payment. In *Lewis* v. *Hawkins* (23 Wall. 119), Mr. Justice SWAYNE, writing the opinion, recognizes the rule above stated as follows: "That the remedy upon the bond, note or simple contract for the purchase-money is barred in cases like this, in no wise affects the right to proceed in equity against the land." *Hardin* v. *Boyd* (118 U. S. 756) was a bill in equity to set aside a conveyance of lands, or in the alternative for the payment of the purchase-money, and to make it a lien on the lands; and it was held that, although the debt for unpaid purchase-money was barred by limitation under the local law, the lien therefor on the land was not barred. In *Coldcleugh* v. *Johnson* (34 Ark. 312), the Supreme Court said: "The debt itself would appear to be barred in 1872, and no action could be brought at law; but the bar of the debt does not necessarily preclude a mortgagee or vendee retaining the legal title from proceeding *in rem* in a court of equity to enforce his specific lien upon the land itself." The case of *Thayer* v. *Mann* (19 Pick. 535), is precisely in point. There in the case of a mortgage of real estate to secure the payment of a promissory note, it was held that although the note was barred by the Statute of Limitations, yet, because it had not been paid the mortgagee had his remedy upon the mortgage. In *Hancock* v. *Franklin Ins. Co.* (114 Mass. 155), there was a pledge of property to secure a note, and it was held that the pledgor might avail himself of the Statute of Limitations as a defense to a suit upon the note, but that the statute affected merely the remedy on the note, and did not defeat the lien of the pledgee upon the property pledged. In *Hannan* v. *Hannan* (123 Mass. 441), in an action to foreclose a mortgage given to secure a note, it was held that the question in such a case whether anything is due upon the note must be conducted in nearly the same way and depended mainly upon the same evidence as if the note were in suit, and that in such an action the defendant may show

the same matters in defense against the mortgage, except only the Statute of Limitations, that he could against the note. In *Shaw* v. *Silloway* (145 Mass. 503), it was said: "If there is an actual pledge and the debt becomes barred, this does not give to the debtor a right to reclaim the pledged property. The debt is not extinguished, the statute only takes away the remedy. In case of an ordinary mortgage of real or personal property, the security is not lost, though the debt be barred." In *Joy* v. *Adams* (26 Me. 330), it was held that the mortgagor could not defeat the right of the mortgagee to foreclose his mortgage by showing merely that the notes to which the mortgage security was collateral had become barred by the Statute of Limitations. In *Belknap* v. *Gleason* (11 Conn. 160), it was held that the Statutes of Limitations being statutes of repose, suspend the remedy, but do not cancel the debts; that though such statutes are equally available as a defense at law and in equity, yet where there are two securities for the same debt, one of which is barred by the statutes and the other not, the creditor, notwithstanding he has lost his remedy at law on the former, may pursue it in equity on the latter; and that where the security for a debt is a lien on property, personal or real, that lien is not impaired because the debt is barred by such statutes. In the case of *Ballou* v. *Taylor* (14 R. I. 277), it was held that the remedy on a mortgage is not lost because a personal action on the mortgage note is barred by the Statute of Limitations. In *Spears* v. *Hartly* (3 Espinasse, 81), Lord Eldon held that a wharfinger who had a lien on a log of mahogany could hold the log until his demand was satisfied, although the demand was barred by the Statute of Limitations; and *Higgins* v. *Scott* (2 Barn. & Ad. 413) is to the same effect.

We could go much further in these citations. But we have gone far enough to show that the rule applicable to a case like this is, both upon principle and abundant authority, as we have above stated it. There are cases in some of the states of this country which lay down a different rule. But those cases generally depend upon some local statutes, or are to be found in states where it is held that the Statute of Limitations not

only bars the remedy but destroys and annihilates the debt by the presumption that it has been paid or discharged.

There are no other questions which need examination.

Our conclusion, therefore, is that the judgment should be affirmed with costs.

All concur.

Judgment affirmed. _____