JOHN R. DRAKE, RESPONDENT, *v.* WILLIAM L. WETMORE AND ANOTHER, APPELLANTS, IMPLEADED WITH THE NEW YORK IRON MINE.

*Statute of limitations — right of action to enforce the application of a stock dividend to the payment of a note already barred by the statute.*

A cause of action, in favor of the holder of an unpaid past-due promissory note, to enforce a claim upon a dividend, declared by a stock corporation after the maturity of the note and alleged to be applicable to the payment thereof, where the cause of action is created solely by the declaration of the dividend, dates from the declaring of the dividend, and is not barred by the statute of limitations, although the right to sue upon the note to which it is incidental is barred.

APPEAL by the defendants, William L. Wetmore and Matthew H. Maynard, as assignee in bankruptcy of William L. Wetmore, respectively, from an interlocutory judgment entered in the office of the clerk of Queens county on the 10th day of August, 1892, so far as it sustains the demurrer interposed by the plaintiff to the second separate and distinct defense contained in the amended answer of said defendant; with notice of an intention to bring up for review on such appeal the order of the Special Term, granted on the 1st day of August, 1892, and entered in the office of the clerk of this court and of the county of Queens on said day, so far as said order provides and orders that the said demurrer of the plaintiff to the said second separate and distinct defense contained in said amended answer of said defendant be sustained, and that an interlocutory judgment be entered accordingly.

The action was in equity, and was begun in 1891, the complaint alleging, in substance, that the plaintiff, John R. Drake, holds, through a chain of assignments, three promissory notes of $5,000 each, dated, respectively, April 26, 1877, May 1, 1877, and May 6, 1877, payable each in sixty days, made by the defendant Wetmore in the name of the defendant, the New York Iron Mine, and discounted by the First National Bank of Negaunee, Michigan.

That the defendant Wetmore had no authority to make said notes in the name of the New York Iron Mine, and was, therefore, personally liable for the amount thereof. ·

That said Wetmore was a stockholder in the New York Iron Mine, holding 5,333 shares of its capital stock, Samuel J. Tilden holding the remainder, to wit, 14,667 shares; that Wetmore made the notes and procured them to be discounted to enable him to realize certain interests in the surplus profits and dividends upon the capital stock of the New York Iron Mine then and thereafter earned and to be declared, and to so much thereof as should be apportioned to certain of said capital stock held by him, as above stated, and applied the proceeds of said notes to his own use.

That the defendant, the New York Iron Mine, is a foreign corporation, organized under the laws of Michigan.

That, by an act of the legislature of the State of Michigan, approved February 5, 1853, the said New York Iron Mine had a lien upon the stock of the said Wetmore, and upon his property

invested in said New York Iron Mine, for all debts due from him to it, the said company, and that in case he should charge himself with said notes as a debtor therefor to the said corporation, such indebtedness became and was, under said law, an offset against such dividends as should be declared upon his stock, which became thereby assigned for the payment of such indebtedness to the extent thereof.

That the said Wetmore, on or about May 6, 1877, did charge himself upon the books of the said New York Iron Mine with said notes, and that he requested the said Tilden, who was then the president of said company, to apply the said dividends to the payment thereof.

That on or about November 23, 1877, the said Wetmore became bankrupt, and the defendant Maynard is his assignee in bankruptcy.

That on March 1, 1889, the New York Iron Mine declared dividends on its capital stock from March 31, 1877, to April 1, 1882, and that the share of the defendant Wetmore on his said stock, after being applied to the extinguishment of the indebtedness of said Wetmore to said company and certain others, left a balance of $35,000.

The prayer of the complaint is, that the plaintiff be decreed to have a lien upon said $35,000, balance of dividends as aforesaid, to the extent of the amount of said notes, with interest, and that the New York Iron Mine be decreed to pay over to him such amount; and for such further relief as may be proper.

The defendants, Wetmore and Maynard, interposed separate answers, both containing the same defenses. The plaintiffs demurred generally to certain of the separate defenses. The demurrers were argued at Special Term and were sustained as to one of these separate defenses, which invoked the statutes of limitations of Michigan and New York, and, epitomized, is that the notes became due, respectively, on June 29, 1877, July 5, 1877, and July 9, 1877; that no action was ever brought upon said notes; that any action thereupon at the time of the commencement of this action would have been barred, and that, therefore, the alleged cause of action stated in the complaint is also barred.

*George W. Werfenbach,* for the appellants.

*Roger M. Sherman,* for the respondent.

BARNARD, P. J.:

The plaintiff is the owner of three notes of $5,000 each, given by the New York Iron Mine to the First National Bank of Negaunee, Michigan. The notes were all given in 1877, in April and May. The defendant Wetmore executed the notes in the name of the Iron Mine Corporation without authority. That corporation is a Michigan corporation. Wetmore applied the proceeds to his own use. The legislative act of Michigan gave the company a lien on Wetmore's stock in the corporation for his debts to the company. Wetmore charged himself with the payment of the notes upon the books of the company in May, 1877, and assigned the dividends upon his capital stock, 1;333 shares, and authorized the president of the company to apply the dividends to the payment of the notes in question. Wetmore became a bankrupt in November of the same year. No payments have ever been made on the notes. On the 1st of March, 1889, the Iron Mine declared dividends upon the Wetmore stock to the amount of $35,000. The complaint alleges that the corporation either holds that sum or has paid it to the official assignee in bankruptcy. The relief sought by the plaintiff is that he be paid out of that fund. The defendants plead the statute of limitation both by the State of Michigan and New York, and both the six years' and ten years' limitation. The defense pleaded is not good. The cause of action, which is based upon an existing title in the notes, only dates from the declaring of the dividends. In the case of *Butler* v. *Johnson* (111 N. Y., 204), the right to enforce the claim on the part of the creditor existed. The cases holding that a mere form of the relief sought will not exclude the operation of the statute have no relevancy. The right to the relief in this case is created solely by the defendant, Iron Mine, declaring a dividend in 1889. This remedy is, indeed, incidental to the notes which may be barred by the statute, but the notes are not paid. The lien on the dividend is not impaired because the right to sue upon the notes is barred. (*Hulbert* v. *Clark*, 128 N. Y., 295.)

The part of the judgment appealed from is, therefore, affirmed, with costs.

PRATT, J., concurred.

Order sustaining plaintiff's demurrer to second defense affirmed, with costs.