(26 Misc. Rep. 555.)

NATIONAL BANK OF DEPOSIT OF CITY OF NEW YORK v. SARDY et al.

(Supreme Court, Special Term, New York County. March, 1899.)

1. REPLEVIN—EQUITABLE LIEN—AFTER-ACQUIRED PROPERTY.
    To secure a loan, the consignee of goods in bond, awaiting payment of duties, delivered to the lender his note, reciting the delivery to the former of the goods, and the establishment of a lien on them for the loan, and also a paper acknowledging their redelivery to the borrower, to be held in trust for the lender, and sold for his account; the proceeds to be applied to the loan. Having secured the goods from bond, the borrower assigned; and the lender replevied them of the assignee, but was defeated because he never had possession. He thereupon amended, substituting a proceeding to establish an equitable lien on the goods seized, and for an accounting for those not reached by the replevin, and for a cancellation of the replevin bond. Held, that the borrower received the goods from bond impressed with the lien, and his assignee with notice was liable to account for those not replevied.

2. SAME.
    The lender was entitled to establish his lien on the goods replevied, though he had already sold them, and held the proceeds subject to the action.

3. SAME—CONFORMING PLEADINGS TO PROOF.
    There being no claim of surprise, or possibility of prejudice, the pleadings could be amended to conform to the proof that the loan was unpaid.

57 N.Y.S.—40

and that the borrower did not obtain possession of the goods until after the transaction.

**4. SAME—PARTIES.**

The borrower was not a necessary party to the proceeding, under Code Civ. Proc. § 452, authorizing the court to determine the controversy, as between the parties before it, where it can do so without prejudice to the rights of others, though he was entitled to an accounting with the assignee for the surplus after the debts were paid.

**5. MONEY LENT—EVIDENCE.**

The evidence showed that, when a loan was made, the lender placed the amount to the borrower's credit, and that at time of suit a small balance of the credit, not drawn, was applied on the debt. *Held* to be sufficient to establish the loan.

Action by the National Bank of Deposit of the City of New York against John L. Sardy and others, as executors of the will of Nathaniel P. Rogers, deceased. Judgment for plaintiff.

Reeves, Todd & Swain, for plaintiff.

Thaddeus D. Kenneson, for defendants.

BISCHOFF, J. By way of security for a loan of $3,000 obtained from the plaintiff, the firm of Sardy, Coles & Co. delivered to the former their promissory note, which recited the delivery to the plaintiff of certain goods, and the establishment of a lien upon them for the amount of the loan, and at the same time delivering a further instrument which acknowledged the redelivery of the goods to the firm (the borrowers) for the stated purpose of their being held in trust for the plaintiff, and as its property; Sardy, Coles & Co. agreeing to sell such goods for the plaintiff's account, and hand over the proceeds for application upon the loan. As a matter of fact, the goods were not delivered to the plaintiff, or redelivered to Sardy, Coles & Co., as recited in these papers, since the latter had neither possession of, nor legal title to, them at the time of the transaction,—the goods then being stored in bond, awaiting the payment of duties, under a bill of lading made out to other parties, and in their possession; and the recitals as to possession and delivery were apparently resorted to in an endeavor to secure to the plaintiff a valid lien upon the goods, notwithstanding the fact that manual delivery was impossible. The goods had indeed been purchased or ordered from the foreign consignors by Sardy, Coles & Co., and the nominal consignees had no interest in them, other than to secure the payment of the duties; and, these duties having been paid out of the proceeds of the plaintiff's loan, the firm obtained possession of, and title to, the goods, in due course. Having possession, they then proceeded to make a general assignment of all their property to Nathaniel P. Rogers; and thereupon the plaintiff commenced this action, in the usual form of an action for replevin, claiming the right to immediate possession of the goods in accordance with the provisions of the instruments held by it, and obtained possession of the greater part of the goods which were the subject of the purported pledge, by causing the sheriff to replevy such goods, and by furnishing the undertaking called for by section 1699 of the Code. Plaintiff then sold the goods thus received by it, and still retains the proceeds of the sale. Thereafter the action went to trial, which resulted in a judgment for the plaintiff; but upon appeal the judgment was reversed

for the fundamental defect in the case which arose from the fact that there was no lien at law, and no legal pledge of the goods, because of the failure of legal title or possession in the assumed pledgors, Sardy, Coles & Co., at the time of the attempted pledge. Bank v. Rogers, 1 App. Div. 623, 37 N. Y. Supp. 365. A new trial was granted by the order of reversal, but, of necessity, the new trial would have ended in judgment for the defendants, if the issues remained the same, and to meet this difficulty the complaint was amended by the substitution of a cause of action in equity for the original cause of action at law; and judgment is now asked by the plaintiff establishing an equitable lien upon the goods heretofore seized and sold, and for an accounting by the defendants, as executors of Rogers, the assignee, for the proceeds of the goods which were covered by this equitable lien, and have not come into the plaintiff's hands; and judgment is also asked for the cancellation of the bond given by plaintiff to obtain possession of the goods replevied before trial.

Upon the facts, I am well satisfied to hold that there was an actual agreement to pledge these very goods; that the firm of Sardy, Coles & Co., when they received the goods, became possessed of them as trustees for the plaintiff, so far as there was any indebtedness upon the loan of $3,000; and that as to any of the goods which were the subject of the agreement to pledge, and which came into the hands of Rogers as assignee, and remain unaccounted for to the plaintiff, the latter is entitled to an accounting by the defendants, by virtue of the equitable lien which existed at the date of the assignment, and to which the assignee's possession was subject. 13 Am. & Eng. Enc. Law, p. 608; Pom. Eq. Jur. § 1235. The case falls within the well-recognized equitable principle that, where there is an agreement to give as security property not at the time in the ownership of the contracting party, a lien in equity attaches to the property when subsequently acquired (Pom. Eq. Jur. § 1236); and while the lien is good, as against a general assignee, without notice, here express notice was given at the time of the assignment.

A somewhat different question arises, however, with regard to the goods which were replevied at the plaintiff's direction, and sold by it upon its own responsibility, since here the lien might be said to have been foreclosed, and the court is asked to approve the plaintiff's seizure and possession of the goods by virtue of the lien. It is insisted by the defendants that the plaintiff has all that it could get by judgment, in that it has the proceeds of the goods in its hands, and that, at best, it has only an equitable defense, to be asserted when its right to possession is attacked, but not an equitable cause of action; in other words, that it has a shield, not a sword. Should this argument be accepted as sound, the court could make no finding upon the plaintiff's original right to a lien upon these particular goods, and the result would be that the bond given in this action at the time of the plaintiff's obtaining possession would become fully enforceable. Thus, it is apparent that the plaintiff's possession of the fund is by no means absolute until attacked, since that possession has been made contingent upon the affirmative establishment of the right to hold the goods, in this very action; and while a radical change has been made in the theory of the

case, by the amendment of the complaint, still the action is the same, and the right to the possession of the goods remains the gist of the controversy. In the action, when framed for replevin, the plaintiff received the goods under a right which arose, by virtue of the statute, solely from the giving of the bond, not from the merits of the case, and the possession thus acquired was qualified by the condition that a right to possession should afterwards be established by judgment. The statute gave this qualified right to receive the goods, and the plaintiff had a further right to sell them, still subject to the determination of its absolute right upon the trial; and it did sell them, but only under this qualified and conditional right. By the order amending the complaint, it became the law of the case that the issue as to the right of possession should be tried upon the amended pleadings; and there being, beyond question, an issue as to this, upon which substantial rights of the parties depend, I think that the plaintiff is in a position to demand judgment, upon the facts as I find them, establishing his lien upon these goods, in equity, as though the seizure in replevin (which was incidental only, and not connected with the merits of the main case) had not taken place.

As to the motions for dismissal of the complaint based upon the absence of allegations that the loan of $3,000 to Sardy, Coles & Co. was unpaid, and that such firm in fact obtained possession of the goods at some time after the date of the transaction with the plaintiff, I have no hesitation in granting the plaintiff's motion to conform the pleadings to the proof, or to insert the necessary allegations in this regard; there being no claim of surprise, and no possibility of prejudice, in view of the condition of this litigation. There is sufficient evidence to show that the whole of the $3,000 loan was paid over by the plaintiff to the firm of Sardy, Coles & Co., with the exception of some small amount, the testimony being to the effect that at the time of the giving of the note and written agreement by Sardy, Coles & Co., the plaintiff had credited their account with the sum of $3,000, and that at the subsequent period when the goods were seized in replevin their account showed but a small credit, which was applied upon the indebtedness. This evidence I take to be sufficient to establish the fact of the loan, in the absence of any actual dispute upon the point.

I am not impressed with the force of the contention that John Bard Rogers, a member of the firm of Sardy, Coles & Co., is an essential party to the action. There may be no doubt that he would have been a proper party had these defendants insisted upon his joinder, but, no question of defect of parties having been raised by answer or demurrer, the defect is waived, and the nonjoinder cannot affect the questions before me, unless it is to be held that no determination can be had without the court's first adjudicating upon this individual's rights. Code, § 452; McMahon v. Allen, 12 How. Prac. 39. Here the plaintiff's claim of a lien upon the goods identified, and for an accounting as to the goods not found, but covered by the lien, is based upon the fact that such goods were received by Nathaniel Rogers, the assignee, subject to the lien, and the sole question is whether the plaintiff has a right of possession as against such assignee, or his representatives, these defendants, the holders of the absolute legal title.

Certainly I can render a judgment which will conclude this question, as against the present defendants, without first determining the rights of John Bard Rogers, as against him. As one of the assignors, he parted with his legal title and right of possession, reserving to himself but a right to an accounting by the assignee for any sum which might remain after the debts were satisfied through application of the proceeds of the goods, but this reservation gave him no specific interest in this particular property, which must needs be determined in this action; and, if the assignee is content that the question of the present right to the goods be determined as between such assignee and the plaintiff, the assignor is not bound by the adjudication, and still has his right to an accounting by the assignee, and the extent of the right is unimpaired. The assignor's right to the surplus of the assigned estate is the same, whether the assignee's right of possession is attacked by a third party upon legal or equitable grounds; and where the issue could be determined, as against the assignee, if the claim of possession were based upon a legal right in the attacking party, without the presence of the assignor as a party to the record, I do not think that he is a necessary party merely because the same claim is in form upon equitable grounds, such as are here presented.

There should be judgment for the plaintiff as indicated, with costs.

Judgment for plaintiff, with costs.