(71 Misc. Rep. 41.)

PIPER v. HAYWARD.

(Supreme Court, Special Term, New York County. February 8, 1911.)

1. LIMITATION OF ACTIONS (§ 167*)—OPERATION.

A lien on property, personal or real, given as security for a debt, is not impaired by the fact that the remedy at law for the recovery of debt is barred by limitations.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 651–653; Dec. Dig. § 167.*]

2. BILLS AND NOTES (§ 403*)—CONSTRUCTION—DEMAND.

A note payable two years after demand at a designated bank with interest did not require the demand for payment to be made at the designated bank, but only made the note payable at such bank, and, after the death of the maker, the demand was properly made on his administratrix in another state.

[Ed. Note.—For other cases, see Bills and Notes, Dec. Dig. § 403.*]

3. EXECUTORS AND ADMINISTRATORS ( 525*)—ACTIONS—JURISDICTION.

Where a note executed and payable in New York was secured by corporate stock delivered by the maker to the payee in New York, payee could, after the death of the maker in another state, sue his administrator appointed therein to foreclose the lien created by the delivery of the stock as collateral.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 2344–2349; Dec. Dig. § 525.*]

4. CORPORATIONS (§ 123*)—PLEDGE OF STOCK.

Where the payee of a note advanced the amount necessary to enable the maker to purchase corporate stock, and the maker stated that he was indebted to the payee who held the stock as collateral, there was an equitable lien on the stock in favor of the payee.

[Ed. Note.—For other cases, see Corporations, Dec. Dig. § 123.*]

5. JUDGMENT (§ 614*)—RES JUDICATA.

An action to enforce a lien on corporate stock held as collateral for a note executed by defendant's intestate in New York and made payable there is not barred by a decree of the court of a sister state appointing an administrator of the intestate, and adjudging that plaintiff was barred from maintaining any action on the note.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1126–1129; Dec. Dig. § 614.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Action by August B. Piper against Hattie Eleanor Hayward, as administratrix of Harry J. Hayward, deceased. Judgment for plaintiff.

See, also, 134 App. Div. 965, 119 N. Y. Supp. 1141.

Rosenthal & Steckler, for plaintiff.

Johnston & Johnston, for defendant.

NEWBURGER, J.   This action is brought to establish and foreclose a lien on 45 shares of the defendant's intestate in the corporation of Johnson, Hayward & Piper, of the par value of $4,500, claimed to be held by the plaintiff as collateral security for the payment of the note of defendant's intestate of $4,500.

It appears: That the plaintiff and the defendant's intestate were officers of the corporation known as Johnson, Hayward & Piper. That in September, 1902, at a meeting of the board of directors, a resolution was passed providing for the issuance of 90 shares at par, and an entry in the minute book contains a statement that this stock was purchased by A. B. Piper and Harry J. Hayward, 45 shares each.   That the plaintiff paid $9,000 for the same.   That the certificate of stock was made to the plaintiff, but subsequently the certificate thus made out was canceled and two other certificates were issued, one of 45 to the plaintiff and the other of 45 to the defendant's intestate.   That on or about the 4th day of March, 1903, Hayward made the following promissory note:

"New York, March 4, 1903. $4,500. Two years after demand in writing I promise to pay to the order of A. B. Piper forty-five hundred dollars, at Corn Exchange Bank, N. Y. City, with 6% interest semi-annually. Value received. H. J. Hayward."

This promissory note was given by Hayward for the loan made by the plaintiff to Hayward to enable Hayward to purchase the 45 shares of the capital stock of Johnson, Hayward & Piper.   That Hayward, for the purpose of securing the payment to the plaintiff of the promissory note of $4,500, delivered the said 45 shares of capital stock to the plaintiff as collateral security for the payment of the said indebtedness.   That the said Hayward on or about the 11th day of April, 1904, died intestate, in the state of New Jersey, and that the defendant was appointed administratrix and duly qualified.   That on the 20th day of June, 1904, a demand for payment in writing was made on the defendant, but refused.   This action was brought on the 22d day of November, 1909.

The transactions between the plaintiff and Hayward occurred in this state, and the plaintiff was then, and is now, a resident of this state.   The defendant contends that the plaintiff, pursuant to a notice given by her to all creditors to present any claims they had against her decedent, to present the same within a given time, did present his claim upon the note heretofore mentioned; that thereupon the defendant served notice of rejection thereof, and that no suit was ever commenced by the plaintiff; that the plaintiff is barred in this suit by reason of the entry of a decree in the orphans' court of Pas-

saic county, which provided that the plaintiff, having failed to bring an action one month after rejection of his claim, was forever barred from maintaining any action thereon. The authorities cited by defendant's counsel were cases, in which the contracts were entered into in another state, but in the case at bar the contract was made in this state, and to be performed between parties connected with a corporation doing business and having its office here, and the claim was enforceable here within two years after the demand. This action is not brought on the note. It is an action in rem, being brought to foreclose a lien. It has been repeatedly held that a lien on property, personal or real, given as security for a debt is not impaired by the fact that the remedy at law for the recovery of the debt is barred by the statute. Hulbert v. Clark, 128 N. Y. 295, 28 N. E. 638, 14 L. R. A. 59; House v. Carr, 185 N. Y. 453, 78 N. E. 171, 6 L. R. A. (N. S.) 510, 113 Am. St. Rep. 936; Greenley v. Greenley, 114 App. Div. 643, 100 N. Y. Supp. 114; Brooklyn Bank v. Barnaby, 197 N. Y. 226, 90 N. E. 834; Lightfoot v. Davis, 198 N. Y. 264, 91 N. E. 582. The demand was properly made. The note does not require, as contended by defendant's counsel, that the demand be made at the Corn Exchange Bank. It means that it shall be payable at the Corn Exchange Bank two years after the demand upon the maker; he being dead at the time the demand was properly made on the defendant.

The next objection by defendant, that the courts of this state have no jurisdiction against the defendant because she is a nonresident and administratrix by appointment from another state, is disposed of by the action of the Appellate Division in affirming the order heretofore made denying the application of the defendant to vacate the service of the summons upon the defendant without the state. See, also, Montgomery v. Boyd, 78 App. Div. 64, 79 N. Y. Supp. 879; Lockwood v. Brantly, 31 Hun, 155. The testimony clearly shows that at the time the stock was issued plaintiff advanced the whole of the money necessary to purchase the same, that before his death Hayward stated to the witness Johnstone that he owed $4,500 to the plaintiff, and that he, the plaintiff, held the stock as collateral. Plaintiff therefore has an equitable lien upon the stock. Nat. Bank of Deposit v. Rogers, 1 App. Div. 623, 37 N. Y. Supp. 365, s. c. 26 Misc. Rep. 555, 57 N. Y. Supp. 625. Having determined that the plaintiff's action is not barred by reason of the decree of the orphans' court in New Jersey, and that the 45 shares were delivered to the plaintiff as collateral security for the payment of the note of $4,500, and the amount remains unpaid, the plaintiff is entitled to a decree as prayed for.

Submit findings and decree.