CHARLES G. HOPKINS, Plaintiff, *v.* LINCOLN TRUST COMPANY, Defendant.

(Supreme Court, Monroe Special Term, April, 1921.)

Fraud — accrual of action — Statute of Limitations — Code Civ. Pro. § 382(5), as amended in 1920.

The amendment in 1920 to section 382(5) of the Code of Civil Procedure, which provides that in an action to procure a judgment for fraud the cause of action is not deemed to have accrued until the discovery by plaintiff or the person under whom he claimed, of the facts constituting the cause of action, does not change the limitation of years for actions of that character, but only provides for them, the same rule of computation formerly applied to equitable actions founded in fraud, and said section, as thus amended, is retroactive as well as prospective in its operation.

In an action brought since the amendment to section 382(5) of the Code of Civil Procedure in 1920, to recover damages for a fraud alleged to have been perpetrated about eight years before, the complaint alleged that the fraud was not discovered by plaintiff until about eight months before the commencement of the action. The six year Statute of Limitations applicable to the cause of action pleaded had expired about two years before the action was commenced. *Held*, that the amendment to said section of the Code of Civil Procedure, which became effective prior to the commencement of the action, was retroactive as well as prospective and that the action was maintainable.

**17**

Supreme Court, April, 1921. [Vol. 115.

MOTION for judgment on the pleadings.

Nelson E. Spencer (Willis A. Matson, of counsel), for plaintiff.

Middlebrook & Borland (Middleton S. Borland, of counsel), for defendant.

SAWYER, J. Defendant moves for judgment upon the pleadings. The action was begun September 2, 1920, to recover money damages for a fraud said to have been perpetrated August 20, 1912. The complaint states that plaintiff did not discover the fraud until after May 1, 1919. The six year Statute of Limitations applicable to such a cause of action began to run from the time of the fraud, and had expired August 20, 1918, but by an amendment to subdivision 5 of section 382 of the Code, effective September 1, 1920, the legislature has provided that in ''Any action to procure a judgment on the ground of fraud. The cause of action, in such a case, is not deemed to have accrued, until the discovery, by the plaintiff, or the person under whom he claims, of the facts constituting the fraud.'' As to causes, against which the statute has not run, concededly the limitation may be changed by the legislature, and any such cause would be included within the scope of the amendment in question. *Acker* v. *Acker,* 81 N. Y. 143; *Watson* v. *42nd, etc., R. R. Co.,* 93 id. 522. Where the time of limitation has fully expired before the enactment of the amending statute, restoration by such enactment of the right to maintain an action is not so clear. Statutes of limitation are remedial only: they in no manner partake of the nature of substantive law; they regulate only the methods whereby such law is applied to the affairs of men. *Hulbert* v. *Clark,* 128 N. Y. 295; *House* v. *Carr,* 185 id. 453-458. By the

operation of those statutes a debtor obtains nothing; nor is he in fact freed from anything; he goes unharmed by his debt simply because the law furnishes his creditors no method whereby its collection may be enforced. If there be, however, two ways to that end, only one of which is barred by the statute, the open way may still be used against him. *Hulbert* v. *Clark, supra; House* v. *Carr, supra; Lightfoot* v. *Davis,* 198 N. Y. 261. The precise question has not until now been before our courts for determination, although Judge Earl in *Hulbert* v. *Clark, supra,* makes the statement, obiter, that '' The legislature could repeal the Statute of Limitations and then the payment of a debt upon which the right of action was barred at the time of the repeal, could be enforced by action; and the constitutional rights of the debtor are not invaded by such legislation.'' This expression of the learned judge's opinion goes no further than to say that the legislature *has the power* to make such action retroactive. In some of the states this power has been by their courts expressly denied. *Pridgeon* v. *Greathouse,* 1 Idaho, 359; *McKinney* v. *Springer,* 8 Blackf. (Ind.) 506; *Cassity* v. *Storms,* 1 Bush (Ky.), 452. The Supreme Judicial Court of Massachusetts, however, in the only case before that court to which my attention has been called, carefully refrained from expressing an opinion upon the legislative power in that particular, but disposed of the then pending question against a plaintiff solely on the ground that a proper construction of their statutes indicated a contrary intent. *Wright* v. *Oakley,* 46 Mass. 400. The United States Supreme Court in a case coming to it on writ of error from the state of Texas has reached a conclusion entirely opposite from that in the Idaho, Indiana and Kentucky cases above cited, and held that Statutes of Limitation are of

bar only, and that their repeal removes any hindrance otherwise existing against the prosecution of an action. *Campbell* v. *Holt,* 115 U. S. 620. Assuming that legislative power exists as is thought by Judge Earl in *Hulbert* v. *Clark, supra,* but that the question of its exercise depends upon intent, instead of following *ipso facto,* as held in *Campbell* v. *Holt, supra,* the query is at once presented, how is such intent to be determined?

On the one side is the doctrine that a repealing statute is prospective only unless otherwise therein specifically provided; while against it is asserted the claim that it being simply the removal of an existing bar, it follows, as a natural consequence, from the enactment that all things theretofore impeded are released, precisely as when, upon removal of a dam, the waters by it accumulated and impounded, are thereby set free to flow in their natural channel. Where the question is an open one, the normal and usual construction should be placed upon legislative acts, and in my opinion, when one abolishing a remedy theretofore existing is placed upon the books, without expressed limit in application, it would seem to cover all existing causes, and to be retrospective as well as prospective. This is especially true when it is considered that no vested rights have been obtained under the law so repealed. *Hulbert* v. *Clark, supra; Campbell* v. *Holt, supra.* This conclusion has not been arrived at without careful consideration of section 414 of the Code of Civil Procedure, subdivision 4, which reads " The provisions of this chapter apply, and constitute the only rules of limitation applicable, to a civil action or special proceeding, except in * * * : A case, where the time to commence an action has expired, when this act takes effect." It is believed by defendant that chapter 4 of the Code, wherein this

section is found, *together with all changes or amendments* to its sections, became effective as of September 1, 1877 (Code Civ. Pro. §§ 3355, 3356), and that section 414, subdivision 4, must in the absence of retroactive provisions from the act be deemed to direct such amendment to be prospective only.

This may possibly be so when the Statute of Limitations has been amended as to time. It will be observed, however, that the amendment of section 382 which has given rise into this controversy does not change the limitation of years for actions of this character, but only provides for them the same rule of computation formerly applied to equitable actions founded in fraud. The words " rules of limitation " employed in section 414 apply, not to all the provisions of chapter 4, but only to those fixing the periods of time within which the various classes of action are to be brought. *Hayden* v. *Pierce,* 144 N. Y. 512. The amendment of 1920 not being a change of time, but only of method of computation, it seems needless to consider the question whether subdivision 4 of section 414 has reference to those causes which had expired by limitation prior to September 1, 1877, only, or should be carried along and applied to any amendment of chapter 4 of the Code as of the date of the amendment. *Goillotel* v. *Mayor, etc.,* 87 N. Y. 441, seems to run contrary to my conclusion, but upon examination it will be seen to have been decided under the provisions of section 73 of the Code of Procedure of 1848. It is, undoubtedly, a true interpretation of the phraseology of that section, but is not now an authority, for the reason that that section was repealed in 1876 and section 414 of the present Code of Civil Procedure, which establishes an entirely different rule, enacted in its place: A rule which in all actions involving limitations by time, superseded the

authority of the *Goillotel* case. *Watson* v. *42nd Street R. R. Co., supra.*

From what has been said it follows that my construction of the amendment to section 382 (Laws of 1920, chapter 480) is, that it is retroactive as well as prospective in character, and as a consequence plaintiff's action may now be maintained.

Motion denied, with costs.