WILLIAM W. KELLEY, as Surviving Trustee for the Bondholders Referred to in a Certain Mortgage Given by BRADLEY WINSLOW and POPPIE H. WINSLOW, His Wife, to WILLIAM W. KELLEY and ISAAC R. BREEN, as Trustees, Plaintiff, *v.* JENNIE S. HALL, Individually and as Administratrix, etc., of POPPIE H. WINSLOW, Deceased, and Others, Defendants.

Supreme Court, Jefferson County, July 6, 1932.

*B. A. Gilligan,* for the plaintiff.

*Cobb, Cosgrove, Harter & Wright,* for the defendant Jennie S. Hall.

*William K. Mott,* for the defendant Alfred W. Horr, administrator.

*A. R. DeYoung,* individually and as ancillary executor, for Mary Comstock.

DOWLING, J.  From the stipulated facts it appears that on May 1, 1903, Bradley Winslow and Poppie Winslow issued thirteen coupon bonds, totalling $6,500, payable May 1, 1905, with interest at six per cent, payable semi-annually, and, to secure the payment of said bonds, said Winslows, on the same date, executed a trust mortgage to William W. Kelley and Isaac R. Breen, as trustees, on property situate in the St. Lawrence river and known as the " Seven Isles."  Said mortgage contained the following provision: " Now, therefore, for the purpose of securing to the owners of said bonds the payment of the principal and interest thereof as they become due respectively, and in consideration of the sum of One Dollar to the parties of the first part duly paid, the receipt whereof is hereby acknowledged, the said parties of the first part have granted, bargained, sold and conveyed, and by these presents do grant, bargain, sell and convey unto the parties of the second part and the survivor of them and to their successors in trust in the following described real estate [description omitted],  *  *  *  and this grant is intended as a security for the payment of the same [meaning bonds] according to their terms or conditions and this conveyance shall be void if such payment be made.  And in case default shall be made in the payment of the principal sum hereby intended to be secured or in the payment of the interest thereof, or any part of such principal or interest as provided in said bonds and coupons attached, it shall be lawful for the parties of the second part and the survivor of them, and their successors in office *at any time thereafter on request in writing of any holder of said bonds* or any of them on which principal or interest is not duly paid as aforesaid to sell the premises hereby granted or any part thereof in the manner prescribed by law and out of the moneys arising from such sale to retain the amount then due for principal or interest together with the costs and charges of making such sale and the overplus if any there be, after providing in such manner as shall be directed by the Supreme Court or any other Court having jurisdiction, for any principal or interest to become due, shall be paid on demand to the parties of the first part their heirs or assigns."

Bradley Winslow died October 24, 1914.  Isaac R. Breen died

November 18, 1920. Poppie H. Winslow died December 25, 1928. William W. Kelley continued as sole surviving trustee.

On November 28, 1930, Florence W. Upham, holder of seven of said bonds, on which no payment of interest or principal had ever been made, by an instrument in writing, duly served upon the plaintiff herein, requested him, as sole surviving trustee, to sell the property pursuant to the provision of said trust mortgage. Pursuant to said request, and on June 10, 1931, plaintiff instituted this action to foreclose said trust mortgage. Defendant Jennie S. Hall, individually and as administratrix of the estate of Poppie H. Winslow, deceased, the owner of the mortgaged property at the time of her death, answered setting up as a defense that this action is barred by the twenty-year Statute of Limitations.

It is conceded that no action " at law or otherwise has been brought to recover the said mortgage debt secured by the said bonds and mortgage or any part thereof," and I find as facts that nothing of principal or interest has ever been paid on any of said bonds, that the bonds and mortgage are " sealed instruments " within the meaning of section 47 of the Civil Practice Act and that the cause of action sought to be enforced accrued more than twenty years prior to the institution of this action.

Can the plaintiff maintain this action? The fact that the Statute of Limitations has run against an action to recover upon the bonds is not fatal to the maintenance of the present action. (*Hulbert* v. *Clark*, 128 N. Y. 295, 298, 299; *House* v. *Carr*, 185 id. 453, 458.) A mortgage under seal can be foreclosed any time " before the expiration of twenty years from the time when the debt became due." (*Hulbert* v. *Clark, supra,* 299.) The instant mortgage debt became due May 1, 1905; hence, the twenty-year period for commencing action to foreclose said mortgage had expired when this action was instituted and plaintiff cannot maintain same. Whether the twenty-year Statute of Limitations has run against the power of sale given to the trustees in the trust mortgage is not now presented for determination. A denial of the remedy of foreclosure does not necessarily mean that the trustee cannot exercise the power of sale given him in the trust mortgage. (Real Prop. Law, §§ 131, 146–148; 1 Wood Lim. [4th ed.] 316, 317; *House* v. *Carr*, 185 N. Y. 453, 459; *Harvey* v. *Guaranty Trust Co.*, 134 Misc. 417, 435.)

Findings and judgment accordingly, without costs to any one.