Dorothea E. Donaldson, J.
The court, in its decision filed June 18,1974, found the State to he liable and restored the claim for proof of damages.
With respect to this issue, the State contended that the claimant, as subrogeee, received no greater rights than that which the subrogor had and transferred to it. Two factors are relevant in determining this contention: one, whether the order of Judge Oooke, dated May 11, 1972, denying the motion on behalf of Mrs. iSmith to file a late claim, minified and stultified all allegations with respect to a claim involving the instant claimant, and *461 two, if the effect of1 the court’s action was otherwise, whether the provisions of section 29 of the Workmen’s. Compensation Law prescribe ,the extent and amount of damages that could be awarded in this claim. The claimant maintained that damages should be predicated' upon the full value of the injuries sustained by its suibrogor, Laura S. Smith. ’
Mrs. .Smith was the injured employee. The Claimant was'the workmen’s compensation carrier for her employer. By operation of law under section 29 of that law, it became the subrogee of Mrs. Smith, thus creating an assignment.' (See decision of this court filed June 18, 1974, 80 Misc 2d 454.) While her claim was. rejected by this courLas untimely filed, the merits of her claim were not in issue.' Failure to conform .with statutory requirements is a 'matter of procedure and not of substance. The failure to timely-file caused the expiration of the procedural remedy of enforcement but did not extinguish the cause of action. (Hulbert v. Clark, 128 N. Y. 295; Graves v. East Hudson Parkway Auth., 43 A D 2d (307.) Therefore, the, claim was a viable one, in the opinion of the court, at the time the claimant filed its claim. Subdivision 2 of section 29 of the Workmen’s Compensation Law contains, in part, the following language: “If such * * * carrier:, as such an assignee, recover from such, other, either by judgment, settíemént or otherwise, a sum in excess of the total amount of compensation awarded to such injured employee or his dependents and-the expenses for medical treatment paid by it, together with the reasonable and necessary expenditures incurre^ in effecting such recovery, it shall forthwith pay to such injured employee or his dependents, as the ease may be, two-thirds of, such excess, and to the extent of two-thirds of any such excess such recovery shall be deemed for the benefit of suqh employee or his dependents. When, the compensation awarded requires periodical, payments, the number of which can-pot be, determined at the time of such award, the board shall, when the injury or death was caused by the negligence or wrong of another not in the same employ, estimate the probable total amount thereof upon the basis of the survivorship' annuitants table of mortality, the. remarriage tables of the Dutch Boyal Insurance Institution and such facts as it may deem pertinent, and such estimate shall be deemed the amount of the compensation awarded in such case, for the purpose of computing the amount of such excess recovery, subject to the modification thereof as hereinafter provided. ”
Claimant contended that these provisions of section 29 of the Workmen’s Compensation Law' sustain a prohibition of split *462 ting a cause of action and require the application of a measure of damages the same as if the assignee were neither limited nor affected by the determinations of the Workmen’s Compensation Board; that damages for pain and suffering and lost wages in addition to other elements of recovery are properly included within the assignment. The State maintained that the provisions of section 29 specifically delineate the statutory scheme for recovery and that the provision for distribution of any excess would unjustly enrich the subrogor, Laura B. Smith. Both the doctrines of res judicata and collateral estoppel have been' raised. The State maintained that the damages, if any, to be recovered, must be limited for a time interval, at the latest to September 11, 1972, inasmuch as'the claimant failed to request the Workmen’s Compensation Board to terminate compensation on the grounds that the third-party action of Mrs. Smith had been dismissed. In the opinion of the court, the doctrine of res judicata has been hereinbefore determined. With respect to the doctrine of collateral estoppel, the failure of the claimant to reduce its liability under the provisions of the Workmen’s Compensation Law is a factor discretionary with the claimant and not necessarily an obligation determinable by this court.
Laura Smith, bom July 13, 1923, was aged 48 and weighed 280 pounds at the time of the accident of March 16, 1971, and was earning an average weekly wage of $82. She testified that in the accident she struck the left side and top of her head, her knees hit the dashboard, she rooked back and forth, her chest hit the steering wheel, and when she applied the brakes, her feet were jarred; that immediately thereafter she noticed a ringing in her ears, a tautness and stiffness in her neck, pain in the chest, throbbing in the lower back, puffiness in the legs, and soreness and pain in her feet; that she returned to work and continued until April 26, 1971 when she saw Doctor John McNulty; that she visited him because, while driving the school bus, she had double vision and saw in the road obstacles .which were not there, a locking of the knee, a feeling of illness and disorientation; that since April 26, 1971, she has not been gainfully employed, has received medical attention, hospitalization X-ray, medication and application of various appliances. At trial, Mrs. Smith stated that her complaints were loss of hearing in the left ear, diminution of hearing in the right ear, disorientation, dizziness, pain in the head, neck, back and spine, a numbness in the right arm, a buckling and locking of the right knee, headaches, the need to wear a back brace and a knee brace. Upon cross-examination, Laura Smith testified that she had injured *463 her head some 20 years previously, had loss of hearing and complained of dizziness; that she had an accident in 1963 which affected the hearing in the left ear; that in 1956 she was treated by a gynecologist and internist for severe vertigo; that in 1953 she slipped on her back and injured the low back, and the right ankle; that she was treated by a Doctor Barrett in St. Peter’s Hospital for vertigo for approximately 11 years; that in 1959 she was hospitalized in St. Peter’s Hospital and Long Island College Hospital with respect to her hearing loss and complaints of dizziness; that the complaints with respect to the right arm did not commence until approximately one year after the accident of March 16, 1971; that the right ankle was broken prior to that accident of March, 1971; that she has had several falls subsequent to the March accident.
Medical testimony produced showed that after March 16,1971, Mrs. ,Smith was treated by physicians commencing April 26, 1971 and continuing to August 14, 1974. Doctor John McNulty found a pre-existing fracture of the fifth lumbar vertebra which condition was permanent, was causally aggravated 50% by the accident of March, 1971, and an unrelated internal derangement of the right knee. Doctor Bernard H. Berson found that the instant accident aggravated to the extent of 50% a pre-existingsevere sensory neural loss of hearing in the left ear, and an unrelated underlying diabetes. Doctor Marvin Shapiro testified that the vertigo was a permanent condition somewhat causally aggravated by the accident.
The court therefore believes, and so finds, that as a consequence of the accident of1 March 16, 1971, Mrs. Smith sustained a causally related permanent disability, the competent producing and proximate cause of which was partially attributable to the extent of 25 % to the March 16, 1971 accident, of which 10% was referrable to vertigo, 50% to back injury and >10% to the increased loss of hearing in the left ear. The court finds no proof of causal relationship for all other complaints, and their related medication, treatment and appliances.
The court awards to the claimant, Atlantic Mutual Insurance Company, the sum of $75,000 for all damages.
Motions upon which decision was reserved, not hereinbefore ruled upon, are now denied.
Let judgment be entered accordingly.