STATE OF NEW YORK NAT. BANK v. KENNEDY et al.

(Supreme Court, Appellate Division, Third Department.   June 28, 1911.)

1. BILLS AND NOTES (§ 405*)—PRESENTMENT—SUFFICIENCY.
    Under the negotiable instruments law (Consol. Laws 1909, c. 38), which by section 130 makes the presentment of a note necessary to charge the indorsers, and by section 134 requires the notes to be exhibited to the person from whom payment is demanded, a mere informal talk asking payment of a note, not accompanied with a presentment of it or intended as a formal presentment and demand, is not sufficient to put the note in dishonor.
    [Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. § 1064; Dec. Dig. § 405.*]

2. BILLS AND NOTES (§ 402*)—PRESENTMENT—LIABILITY OF INDORSERS.
    Under Negotiable Instruments Law (Consol. Laws 1909, c. 38) § 138, requiring that where there are several persons primarily liable on a note, and no place of payment is specified, presentment shall be made to all of them, an informal demand on one of two joint makers is not a basis for charging indorsers.
    [Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. § 1076; Dec. Dig. § 402.*]

3. BILLS AND NOTES (§ 510*)—ACTION—EVIDENCE—PRESENTMENT.
    In an action on a note, where its presentment in a reasonable time is in issue, evidence that it was the custom of banks to hold demand paper with an indorser for years, if the parties were good and the bank did not require the fund, is admissible.
    [Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. § 1753; Dec. Dig. § 510.*]

4. BILLS AND NOTES (§ 404*)—PRESENTMENT—TIME.
    Where parties interested in an estate had been impleaded in an action on a note made by the executors in an estate matter, to the making of which they had consented, they cannot on appeal from a judgment for the holder complain that, in considering the question of reasonable time for presentment, the holder treated the note as an obligation of the estate, instead of that of the executors individually.
    [Ed. Note.—For other cases, see Bills and Notes, Dec. Dig. § 404.*]

5. BILLS AND NOTES (§ 526*) — ACTION — WEIGHT AND SUFFICIENCY OF EVIDENCE—PRESENTMENT.
    Evidence in an action on a note as to whether it had been presented within a reasonable time *held* sufficient to sustain a verdict for plaintiff.
    [Ed. Note.—For other cases, see Bills and Notes, Dec. Dig. § 526.*]

Appeal from Trial Term, Ulster County.

Action by the State of New York National Bank against Gilbert F. Kennedy and another, with whom were impleaded Anna M. Kennedy and another.   From a judgment for plaintiff, the defendants impleaded appeal.   Affirmed.

See, also, 138 App. Div. 932, 123 N. Y. Supp. 1142.

This is an appeal by the defendants Anna M. Kennedy and Adelaide G. Kennedy from a judgment of the Supreme Court entered in Ulster county October 21, 1910, upon the verdict of a jury and from an order denying their motion for a new trial upon the minutes.   The action was to recover upon a promissory note made October 22, 1907, for $2,300 payable on demand, with interest, made by the "estate of David Kennedy by Gilbert F. Kennedy and Eliza B. Kennedy, executors."   It was given for an indebtedness then due

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the bank, of which $1,200 was for a protested check made by the estate of David Kennedy on the Farmers' Loan & Trust Company of New York. The remainder was upon a protested draft made by David Kennedy's sons on Charles Kennedy in Utah.

Eliza B. Kennedy is the widow of Dr. David Kennedy, and she and her son Gilbert are trustees and executors under his will, and the other defendants are daughters of Dr. David Kennedy, and all the parties are beneficially interested in his estate. At the request of Gilbert Kennedy, the bank agreed to accept the note in suit for the indebtedness mentioned, and it was understood between him and the bank that the note was to be paid as soon as he could, although there was no definite time when he should take care of it, and about two months after the note was made the cashier of the bank called his attention to it and suggested that he pay the same, and afterwards again called his attention, telling him that he had not paid it as soon as he was to; and it wrote him letters asking payment of the note, asked payment over the telephone, asked payment from him while he was in the bank, and he replied to some of these requests or demands that they, the Kennedy family, were not then able to pay the note. On April 15, 1909, the note was formally presented for payment at the bank and protested for nonpayment, and this action followed. Gilbert Kennedy was a director of the bank. October 10th, before the giving of the note, the daughters and mother had joined with Gilbert in guaranteeing certain other notes to the bank amounting to $20,415.

This case was before the court upon the pleadings in 138 App. Div. 932, 123 N. Y. Supp. 1142, where an interlocutory judgment overruling a demurrer to the complaint for insufficiency was sustained. The complaint is in the usual form against makers and indorsers. The defendant there contended that the lapse of time was as a matter of law unreasonable, and that the complaint was therefore insufficient. The court considered the pleading sufficient, and that it was a question of fact to be determined upon the trial whether the presentment was made within a reasonable time or not.

Argued before SMITH, P. J., and KELLOGG, HOUGHTON, SEWELL, and BETTS, JJ.

Rounds, Hatch, Dillingham & Debevoise (Eugene Congleton and Ralph S. Rounds, of counsel), for appellants.

William D. Brinnier (Gilbery D. B. Hasbrouck, of counsel), for respondent.

JOHN M. KELLOGG, J.   [1] The cashier, as a witness, stated that he had informally demanded payment of the note from Gilbert a dozen of times, but that they were not formal demands of the bank. The note apparently was not presented, and no request or demand was made on Mrs. Kennedy, who joined with Gilbert in making the note. The trial court instructed the jury, in substance, that a mere informal talk asking payment of a note and not accompanied with a presentment of it, or intended as a formal presentment and demand, was not sufficient to put the note in dishonor. I think this instruction was well within sections 130 and 134 of the negotiable instruments law. Gilpin v. Savage, 201 N. Y. 167, 94 N. E. 656.

[2] Unless a formal presentment and demand was made at the bank, an informal demand on Gilbert was not such a demand as the law contemplates as a basis for charging the indorser if the note is treated as not an obligation of the estate, for in the case of joint debtors the demand must be made upon both. Negotiable Instruments Law, § 138.

If the obligation is not a note of the estate, it was clearly the note of Gilbert and his mother. These informal demands, however, were

important ·circumstances bearing upon the question whether the note was actually presented for payment within a reasonable time.

[3] It is urged that it was error to permit the plaintiff to prove that it was the custom of banks to hold for years demand paper with an indorser, if the parties were good and the bank did not require the funds.

The case was submitted to the jury upon the theory that the question for them to determine was whether the presentment was made within a reasonable time. This evidence cannot change the rule of law applicable to the case, but was submitted as a circumstance of some weight in judging the actions of the bank.

[4] It is urged that this note was not the note of the estate, but the individual note of Gilbert and his mother. A part of the note was apparently for an estate matter, and Gilbert and his mother and the two sisters assented to the use of the name of the estate as a maker to the note, and they are not in a position, therefore, to complain, in considering the question of reasonable time, that the bank treated the note as an obligation of the estate. If it was an obligation of the estate, pressing the makers crowded the estate and was prejudicial to the interests of the indorsers as well as to the makers, all of whom were interested in the estate.

The form of the note, the fact that the bank was informed that the family was not in a position to pay it, and that forbearance was requested by the person representing the estate are circumstances which the jury had the right to give some weight to in determining whether the bank had unreasonably delayed presenting the note for payment.

The relationship and intimate association of the parties to the note and all the facts and circumstances surrounding the situation were also proper elements for consideration.

[5]· Under all the circumstances, it was a pure question of fact, and we cannot say that the determination of the jury is against the evidence.

The judgment and order should therefore be affirmed, with costs. All concur.