(96 Misc. Rep. 552)

HUSSEY v. SUTTON (two cases.)

(Supreme Court, Special Term, Erie County. September 30, 1916.)

1. BILLS AND NOTES ⊚⟹404(1)—PRESENTMENT—REASONABLE TIME.
   The holder of a note payable on demand is under the duty of presenting it for payment within a reasonable time.
   [Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1091–1094, 1099, 1101–1103; Dec. Dig. ⊚⟹404(1).]

2. BILLS AND NOTES ⊚⟹537(7)—PRESENTMENT—REASONABLE TIME—QUESTION FOR JURY—EVIDENCE.
   Evidence of relationship of parties *held* to make a jury question whether delay of two years in demanding payment of note payable on demand was so unreasonable as to preclude recovery against indorsers.
   [Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1882–1884, 1887–1890; Dec. Dig. ⊚⟹537(7).]

3. BILLS AND NOTES ⊚⟹526—ACTIONS—PLEADING.
   Where defendant in suit on note denied allegations of presentation, nonpayment, and notice, but failed to serve, as required by Code Civ. Proc. § 923, an original affidavit that he had not received notice of protest, plaintiff was not required to give common-law proof of presentation, nonpayment, and notice; the notary's certificate of making and mailing the notice being presumptive evidence in such case.
   [Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1840–1846; Dec. Dig. ⊚⟹526.]

Actions by Edward J. Hussey against Edward C. Sutton, and by the same plaintiff against Louis H. Sutton. Actions tried together, and in the first, judgment ran for plaintiff, and defendant moved for new trial, in the second, the court directed a nonsuit, and plaintiff asks a new trial. Defendant Edward C. Sutton's motion denied, and plaintiff's motion granted.

W. R. Daniels, of Buffalo, for plaintiff.
Franklin D. L. Stowe, of Buffalo, for defendants.

WHEELER, J. These two actions were tried together. In the first, the jury rendered a verdict in favor of the plaintiff, and the defendant moves for a new trial. In the second action, the court directed a nonsuit, and the plaintiff asks a new trial. Both actions grow out of the same transaction. The evidence shows that all of the parties were stockholders in and directors of a corporation known as the Co-operative Motor Car Company, doing business in Buffalo; that the company was in need of funds to enable it to be represented at a certain automobile exhibition about to be held. The parties were called together, and the requirements of the company made known. Hussey, the plaintiff, agreed to raise and advance the necessary funds, provided the company would give him its promissory note for $3,000, which note was to be indorsed by the said Louis H. Sutton, Edward C. Sutton, and one William H. Pennypacker, Jr. It was agreed by and between the parties that each of the indorsers, as between themselves, should be each liable for a proportionate amount of the note. The note was made and indorsed accordingly. It is dated December 23, 1911, is signed by the company as maker, to the order of the plain-

tiff, and is made payable "on demand." The defendants Sutton contend that at the time the note was made Mr. Hussey, who was in active management of the company's affairs, agreed with the Suttons to take and pay the note from the first sales of automobiles made by the company after the exhibition in question. Hussey denies that there was any such agreement or understanding, and that was an issue of fact submitted to the jury. The note was not paid from the proceeds of the first sales, and remained unpaid. On the 29th of December, 1913, some two years after the date of the note, it was presented to the company for payment, and protested for nonpayment. It appears from the evidence given on the trial that at various times between the giving of the note and the date of protest there were funds to the credit of the company in the bank sufficient in amount to have taken up and paid the note. At the same time, I think the evidence shows quite conclusively that, during all these times, the company was in need of money, and the funds in the bank were the proceeds of sales of automobiles bought by the company from others, and the money was needed to pay for such automobiles; and, had the money been used to retire the note in question, the company would have been short of funds with which to pay for the machines. Anyway, just about the time the note in question was protested, the company was declared insolvent, and on a liquidation of its assets paid about ―――― per cent. of its liabilities. The plaintiff secured on this note his percentage with other creditors, and brought these actions to recover from each defendant his proportionate share of the amount remaining unpaid.

[1, 2] Counsel for the defendants contends that, as the note in question was payable "on demand," it was the duty of the holder to have presented it for payment within a reasonable time, and that a delay of two years in demanding payment was, as matter of law, such an unreasonable delay on the part of the plaintiff as to preclude a recovery against the defendants as indorsers, and cites in support of the contention the cases of Commercial Nat. Bank v. Zimmerman, 185 N. Y. 210, 77 N. E. 1020; German-American Bank v. Atwater, 165 N. Y. 36, 58 N. E. 763; Herrick v. Woolverton, 41 N. Y. 590, 1 Am. Rep. 461. There can be no question that a demand within a reasonable time is required, and if it were not for the peculiar relations of the parties to the maker and to each other, there would be no question but that there was in this case unreasonable delay. But the plaintiff, the defendants, and Mr. Pennypacker were each and all stockholders and directors in the company making the note. They were all financially interested in its success, and to have pressed payment of the note at any time would have seriously embarrassed the company. It was a fair question whether the moneys for which the note in question was given were not advanced simply to put the company in funds to advance the parties' own interests as stockholders. It was contended by the defendants that Mr. Hussey agreed that the note should be paid from the first sales made after the exhibition. The plaintiff denied any such understanding or agreement. The court charged that if any such agreement or understanding existed between the plaintiff and the defendants, and plaintiff failed to do as agreed,

he could not recover in this action. The jury, by rendering a verdict in favor of the plaintiff in the action against Edward C. Sutton, has found that no such agreement was made. We think, in view of the relations of the parties to each other, and to the company, and the duties and responsibilities they owed to the creditors of the company, and their personal financial interest in the success of the company, it was a fair question of fact for the jury to say whether there was unreasonable delay in demanding payment of the note in question.

We cannot overlook the fact that under the statute these defendants, being stockholders and directors of the maker of the note in question, were forbidden to take any action which would result in their obtaining a preference in the payment of their debt over other creditors. Consequently we think the court did not err in submitting to the jury the question of whether the note was presented for payment within a reasonable time. The jury found that issue in favor of the plaintiff.

[3] As to the defendant Louis H. Sutton, the court granted a nonsuit on the ground that notice of protest was not properly served. The evidence showed that this defendant lived in the village of Akron, N. Y., but he testified that he had a place of business in the city of Buffalo, N. Y. The notary's certificate of protest stated that the formal notice of protest was mailed to the defendant Louis H. Sutton, directed to him at "Buffalo, N. Y." In his answer, the defendant denied the allegations of the complaint setting up presentation, nonpayment, and notice to the defendant, but did not serve, as provided by section 923 of the Code of Civil Procedure, an original affidavit that he had not received notice of protest. Consequently the plaintiff was not required to give common-law proof of presentation, nonpayment, and notice, but the notary's certificate became "presumptive evidence of the facts certified," as provided in said section. This certificate was introduced in evidence, and certified, among other things, to the making of notices addressed to Louis H. Sutton at Buffalo, N. Y., and to the other parties on the note—

"each of the above-mentioned places being the respective places of business or residence of the persons to whom the said notice was directed and the nearest post office thereto."

The trial court held the notice "presumptive" only, and not conclusive, and that, inasmuch as it appeared that Mr. Sutton was a resident of Akron, N. Y., and no notice was mailed to him there, the plaintiff had failed to show proper notice to Sutton; he having testified on the trial that he had received none. In this ruling, I think the court erred, for the reason that section 179 of the Negotiable Instruments Law (Consol. Laws, c. 38) provides that if the party to be charged lives in one place and has "his place of business in another, notice may be sent to either place." Consequently notice mailed to Sutton at Buffalo seems to have met the requirements, and it was error in the court to have nonsuited on the ground of failure to give proper notice. This necessitates the granting of a new trial in the action against Louis H. Sutton.

Of course, if an appellate court should hold that the note in question was not presented within a reasonable time, such holding would discharge this defendant from liability.

The motion for a new trial by the defendant Edward C. Sutton is denied, and the motion for a new trial in the action against Louis H. Sutton is granted.

So ordered.