MARY REYNOLDS, Plaintiff, *v.* LUKE D. DOYLE, Defendant.

Municipal Court of New York, Borough of Brooklyn, Second District, May 28, 1923.

Bills and notes — indorser — action in replevin by accommodation indorser of promissory note to recover property pledged to secure her obligation thereon — indorser released by failure to present note and give notice of dishonor — payee entitled to retain pledge notwithstanding indorser's release — pledge may be retained though action barred by Statute of Limitations — indorser cannot recover.

Plaintiff, an accommodation indorser upon a promissory note given by her husband to defendant as payee, is not entitled to recover from said payee the possession of property pledged to secure her obligation as an indorser, though she was released from said obligation by reason of the failure of the defendant to present said note or to give notice of dishonor, since said payee is entitled to retain the pledged property in the absence of any agreement to the contrary by reason of the fact that the condition under which plaintiff is entitled to a return of the property has not arisen. Moreover, defendant is entitled to retain possession of the property though action on the note is barred by the Statute of Limitations.

ACTION in replevin to recover possession of a diamond stud, valued at $450.

*Paul Bonynge*, for the plaintiff.

*Stephen E. Ryan*, for the defendant.

BOGENSHUTZ, J.:

In addition to a general denial, defendant asserts a special property right — that the property was delivered to him as a pledge

to secure plaintiff's obligation as an accommodation indorser on a note made by her husband, James Reynolds, to defendant as payee. The note is dated in November, 1916, and is payable on demand. Plaintiff indorsed it for the accommodation of her husband. To secure the defendant payee on her obligation as indorser she deposited the article as a pledge.

Plaintiff contends that she is entitled to its return, because on March 29, 1923, the date of the commencement of this action, her obligation as indorser on the note no longer existed. That the note was never presented is not disputed. In support of her contention she invokes the rule that a failure to present a demand note within a reasonable time after its issue and give notice of dishonor will release the indorser. (Neg. Inst. Law, §§ 114, 116, 131.) What is a reasonable time depends on the particular circumstances in each case. (*Commercial Nat. Bank* v. *Zimmerman*, 185 N. Y. 210; *State of New York Nat. Bank* v. *Kennedy*, 145 App. Div. 669; *American Trust Co.* v. *Manley*, 195 id. 811.) The circumstances attending the present transaction, the general attitude of all the parties to the instrument, the payment of interest, and the pledge of the property as security seem to indicate a general consent to extend the time for presentation.

Assuming, however, that plaintiff, because of time, was released of her obligation as indorser of the note, and could successfully resist any attempt of defendant to hold her thereon, I find no rule of law by which the pledged property is released. It was pledged by plaintiff to insure payment of the note. The note has not been paid. Under the circumstances disclosed by the proof, the condition under which plaintiff is entitled to a return of the property has not arisen. In the absence of any agreement to the contrary, defendant's right to resort to the pledged property for reimbursement remained, even though his right to sue on the note was lost. (*Hancock* v. *Franklin Ins. Co.*, 114 Mass. 155; *Shaw* v. *Silloway*, 145 id. 503; *Jones* v. *Merchants' Bank of Albany*, 29 N. Y. Super. Ct. [6 Rob.] 162.)

The contention that a cause of action on the note is barred by the Statute of Limitations, and consequently the security given is released, is without merit. (*Hulbert* v. *Clark*, 128 N. Y. 295; 14 L. R. A. 59; *Hutson* v. *Title Guarantee & Trust Co.*, 118 Misc. 795, 798; Civ. Prac. Act, § 53.)

There must be judgment for defendant.