FIRST NATIONAL BANK OF BELMAR, NEW JERSEY, BODY CORPORATE OF THE STATE OF NEW JERSEY, RESPONDENT, v. HARRY V. OSBORNE, ADMINISTRATOR PENDENTE LITE OF THE ESTATE OF JAMES G. BARNETT, DECEASED, AND COLUMBIA HOLDING COMPANY, A BODY CORPORATE, DEFENDANTS; HARRY V. OSBORNE, ADMINISTRATOR, ETC., APPELLANT.

Submitted May 27, 1927—Decided October 17, 1927.

For the appellant, *Osborne, Cornish & Scheck.*

For the respondent, *Durand, Ivins & Carton* and *Arthur M. Birdsall.*

The opinion of the court was delivered by

KATZENBACH, J. This is an appeal from a judgment of the Supreme Court entered on the verdict of a jury after a

trial held at the Monmouth Circuit. The action was instituted to recover the amount due upon a promissory note for the sum of $7,500, dated March 15th, 1922, made by the Columbia Hotel Holding Company to the order of James G. Barnett, and payable on demand. The note was endorsed by the said James G. Barnett and was held by the plaintiff below, the First National Bank of Belmar (hereinafter referred to as the plaintiff). Barnett was responsible financially. The Columbia Hotel Holding Company was not. A three months' note, dated December 15th, 1921, for the same amount, made by the same parties and held by the plaintiff, had been protested. Barnett went to the bank and asked that his note be accepted in payment of the protested note. The bank refused to do so because it would make Barnett primarily liable for an amount in excess of the amount the bank could under the law loan to any one person. At the suggestion of the cashier the note in suit was made in the form mentioned and was taken by the bank. It was made payable on demand for the convenience of Barnett and to obviate the annoyance of renewals, as Barnett did not expect to pay it at an early date, as it was secured by a third mortgage on the maker's property made on December 28th, 1921, which was not payable for five years.

Barnett paid the interest on the note in question from its date to his death on January 19th, 1923. The bank presented its claim to the appellant (hereinafter referred to as the defendant) within the time required by law. The bank entered suit upon the note on December 4th, 1924. This suit was discontinued. On October 23d, 1925, the note was protested for non-payment. Notice was given to the defendant. On February 15th, 1926, the present action was instituted. Recovery was sought on two theories. The first theory was that Barnett was in reality the maker of the note. The second theory was that by reason of the peculiar circumstances surrounding the making of the note and its acceptance by the bank the presentment and protest, although not made until three years and seven months after the date of the note, were made within a reasonable time and the estate of Barnett was properly held as an endorser of the note.

The trial judge permitted the case to go to the jury on both theories. The postea shows that the jury rejected the theory that Barnett was in reality the maker of the note and held the defendant as an endorser. From the judgment entered upon the verdict the defendant has appealed. The grounds of appeal are numerous. They are based on exceptions to the admissions of evidence, the denial of the defendant's motion for the direction of a verdict, exceptions to the charge, and to the refusal of the trial judge to charge requests of the defendant.

The ground for reversal in the appellant's brief chiefly relied upon is the refusal of the trial judge to direct a verdict. The appellant insists that where the facts are not in dispute a lapse of three years and seven months is an unreasonable period for presentment of a demand note; that such a delay should, as a matter of law, be a sufficient ground to direct a verdict for the defendant, and the refusal of the trial judge so to do was error. Numerous cases are cited by the appellant in which a less time than that, which in the present case elapsed between the plaintiff's acceptance of the note and the note's presentment for payment, has been held an unreasonable time in presentment, as a matter of law, and the holder of the note barred from recovery. Among these cases is that of *Foley* v. *Emerald Brewing Co.*, 61 *N. J. L.* 428, in which the postponement of a demand from September 5th, 1895 until June 10th, 1896, was held fatal to recovery.

We are of the opinion that the law as laid down in this line of cases has been modified by the Negotiable Instruments act of this state (3 *Comp. Stat.*, *p.* 3734), which in section 71 (at *p.* 3744) provides as follows:

"Where the instrument is not payable on demand, presentment must be made on the day it falls due; where it is payable on demand, presentment must be made within a reasonable time after its issue, except that in the case of a bill of exchange, presentment for payment will be sufficient if made within a reasonable time after the last negotiation thereof."

And in section 193 (at *p.* 3757) provides as follows:

"In determining what is a reasonable time or an unreasonable time regard is to be had to the nature of the instrument, the usage of trade or business [if any] with respect to such instrument, and the facts of the particular case."

The latter section permits, we think, the introduction of all the facts surrounding the making and acceptance of the note and the special circumstances which prompted the delay in presentment for payment, and makes the question of what is a reasonable time or an unreasonable time one for the determination of the jury under the guidance of the court.

It cannot be gainsaid that there were many circumstances in the instant case which failed to make the delay in presentment flagrant and from which a jury might well find the delay justifiable. The note sued on was a renewal of a line of notes dating back to the year 1918, each payable in three months. When the note dated December 15th, 1921, fell due on March 15th, 1922, Barnett desired to give his own note in substitution or payment of the one upon which he was endorser. When informed by the cashier of the bank that the bank could not accept a note in this form as it would make Barnett's loans in excess of the amount the bank could loan to any one person under the National Banking act, the cashier suggested the form of the note in suit and informed Barnett this would be acceptable to the bank. Barnett also held the mortgage of the Columbia Hotel Holding Company, which was intended to secure this note with others. This mortgage was not payable until five years had expired. The bank knew this. Neither the bank nor Barnett intended that the note should be promptly paid. Barnett paid the interest upon it until his death in January, 1923. The defendant had received in 1924 and within the statutory period a proof of claim from the bank, although the note had not been presented at this time and protested. The receipt of the proof of claim was notice that the plaintiff sought to hold the estate of Barnett upon the note. These circumstances justified, in our opinion, the submission of the case to the jury by the trial judge.

In *Gershman* v. *Adelman,* 103 *N. J. L.* 284, the court held that what is a reasonable time or an unreasonable time, having

regard to the facts of the particular case, for presenting a promissory note, payable on demand, with interest, under the circumstances of the case, is a question of fact to be submitted to the jury under instructions from the court.

The note in the case of *Gershman* v. *Adelman, supra,* was dated January 13th, 1921, and suit was not brought upon it until September 11th, 1925, a lapse of more than four years, and a longer time than that which intervened between the making of the note in suit in the case before us and its presentment for payment.

The law on this subject is well stated in 8 *Corp. Jur.* 1069, as follows:

"While there is considerable conflict of authority on the question, some courts holding that due diligence to charge an indorser or drawer is a question of law only, others that it is a pure question of fact, at least in so far as notes payable on demand are concerned, the better view, and that supported by the weight of authority, is to the effect that it is a mixed question of law and fact, to be decided by the jury under the direction of the court on a general verdict, or to be decided by the court where the facts are undisputed or are found by a special verdict."

In *Hussey* v. *Sutton* (*N. Y.*), 96 *Misc.* 552, it was held that presentment after a delay of two years was not unreasonable owing to the peculiar relation of the parties. In *Van Buren* v. *Wensley* (*N. Y.*), 102 *Id.* 248, it was held that while a delay of demand for over four years would ordinarily be held as unreasonable, yet in that case, under the peculiar facts therein shown, such delay was not unreasonable. The New York Negotiable Instruments act is substantially similar to the New Jersey act.

There are other cases to the same effect which might be cited, but the cases and authorities above quoted suffice, we think, to support the ruling upon this point made by the learned trial judge before whom the present action was tried at the Circuit.

The appellant excepted to the admission of certain testimony given by a Mr. Taylor, who was associated with Barnett, relating to arrangements made with the Columbia

Hotel Holding Company for the taking of the mortgage hereinbefore referred to, and the assumption by Barnett of notes of the holding company on which he (Barnett) was an endorser. This and similar testimony was relevant and admissible as part of the facts of the particular case.

The appellant finally urges that the court should have charged requests submitted by the defendant and numbered one, two and seven. It would be a task of supererogation to review particularly these requests, as they present the same question as we have already considered, namely, the propriety of the submission of the case to the jury. The requests mentioned are to the effect that if the jury should find that Barnett was an endorser of the note they should find a verdict for the defendant because the time which elapsed between the date of the issuing of the note and its presentation for payment was unreasonable. For the reasons heretofore given these requests were properly refused.

The judgment of the Supreme Court is affirmed.

*For affirmance*—THE CHIEF JUSTICE, TRENCHARD, PARKER, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, WHITE, VAN BUSKIRK, MCGLENNON, KAYS, HETFIELD, DEAR, JJ. 14.

*For reversal*—None.