In the Matter of the CITY OF NEW YORK, Relative to Acquiring Title to Real Property Required for the Opening and Extending of HARLEM RIVER DRIVE, BOROUGH OF MANHATTAN. ISRAEL LEWIS, Appellant; JOSEPHINE KEARSE et al., Respondents.

First Department, April 10, 1951.

*Max Freund* of counsel (*Samuel L. Rosenman* and *Seymour D. Lewis* with him on the brief; *Rosenman Goldmark Colin & Kaye,* attorneys), for appellant.

*Selma Munter Lobsenz* of counsel (*Ephraim Berliner* with her on the brief; *Schlesinger & Berliner,* attorneys), for respondents.

*Per Curiam.* The City of New York was authorized by order dated April 17, 1947, to condemn certain property in the borough of Manhattan which included a parcel upon which appellant held a mortgage. The city gave due notice for the filing of claims and for the submission of proof of title. In the condemnation proceeding, appellant seasonably presented his proof of claim in which he set forth that he was the owner of a mortgage covering the plot in question and asking that he be awarded the amount due on the mortgage. He retained a real estate expert who gave evidence as to the value of the damage parcel. The court, by final decree dated April 17, 1950, awarded $9,123 as compensation for the taking of the mortgaged premises to owners unknown, subject to appellant's mortgage. Respondents, who claim to be the holders of the equity in the property, did not appear in the condemnation proceeding, and failed to claim any interest in the award prior to the date of the final decree. No question was raised by anyone as to the enforcibility of appellant's mortgage or as to whether it was barred by the applicable Statute of Limitations.

We are of the view that there was here no authority to amend the final decree so as to delete therefrom the portion thereof which subjected the award to the mortgage, presumably upon the ground that the mortgage had been barred by the Statute of Limitations.

Concededly appellant was the mortgagee of record of the parcel at least from February 19, 1947. He was openly in possession of the mortgaged premises thereafter and respondents impliedly consented to such possession. According to respondents, the last payment made on account of the mortgage indebtedness was for interest which became due on July 6, 1941. A right to relief accrued to the mortgagee in February, 1942, because of the default in payment of interest due on January 6, 1942. The period of limitation under section 47-a of the Civil Practice Act is computed by respondents from the date in February, 1942, when the aforementioned right of the mortgagee to relief accrued.

The record discloses that appellant appeared in the condemnation proceeding on May 1, 1947, claiming to be the owner of the mortgage. By serving his notice of appearance, appellant thus asserted his claim as mortgagee to any award that might be made therein (Civ. Prac. Act, § 11). Appellant, therefore, must be held to have interposed his claim as an owner of the mortgage in a special proceeding and to have done so within six years from the date his claim accrued in February, 1942.

Moreover, the Statute of Limitations does not discharge a debt but simply bars the remedy thereon. (*Hulbert* v. *Clark*, 128 N. Y. 295.) It is an affirmative defense which to be availed of must be pleaded. (*Nasaba Corp.* v. *Harfred Realty Corp.*, 287 N. Y. 290; *Locke* v. *Pembroke*, 280 N. Y. 430; *Lindlots Realty Corp.* v. *County of Suffolk*, 278 N. Y. 45, 54.) Appellant concededly held a mortgage which was not void but which at most was unenforcible if the defense of the Statute of Limitations had been asserted. No such defense was raised. It would also seem that since respondents failed to appear in the condemnation proceeding they could not in the circumstances here obtain a modification of the final decree. (*Merriman* v. *City of New York*, 227 N. Y. 279; *Matter of Sea Beach Ry. Co.*, 148 N. Y. S. 1080, affd. 121 App. Div. 907, affd. 196 N. Y. 533).

The order should be reversed, with $20 costs and disbursements and an order should be entered providing for the payment of the award plus interest to appellant.

GLENNON, J. P., COHN, VAN VOORHIS, SHIENTAG and HEFFERNAN, JJ., concur.

Order unanimously reversed, with $20 costs and disbursements to the appellant and an order is directed to be entered in accordance with the opinion herein. Settle order on notice.