LOTTIE ROMANO, Appellant, *v.* LOUIS ROMANO, Respondent.

Fourth Department, June 30, 1966.

*Francis X. Murphy* for appellant.

Respondent in default.

BASTOW, J. This undefended action to annul a marriage was commenced in November, 1964. The complaint alleges that the parties married on January 6, 1950; that both parties were of the Catholic faith and that defendant husband to induce plaintiff to consent to the marriage falsely stated that he would marry her " according to the required Catholic religious ceremony ". It is further alleged that between January 16, 1950 and August, 1950 defendant refused to participate in such a ceremony although repeatedly requested by plaintiff.

The proof sustained these allegations and further disclosed that the parties were married in a civil ceremony. Plaintiff's testimony establishes that she became convinced of the alleged fraud in August, 1950 and has not since cohabited with her husband. The trial court in dismissing the complaint held that the action was barred because not commenced within three years from the time plaintiff discovered the facts constituting the fraud. (CPLR 214, subd. 7; Domestic Relations Law, § 140, subd. [e].)

The question presented is whether, as the trial court decided, the cause of action had been extinguished by plaintiff's failure to commence it within the statutory period or, as contended by appellant, in the absence of an appearance by defendant and service of an answer containing as an affirmative defense the Statute of Limitations (cf. CPLR 3018, subd. [b]) the issue is not before the court because the period of limitation relates to the remedy and not to the substantive right and is waived

by the default of defendant and the ensuing failure to assert it as an affirmative defense.

A brief statement of the legislative and judicial history of the subject matter may be helpful. It was early held (1848) in *Montgomery* v. *Montgomery* (3 Barb. Ch. 132) that an action to annul a marriage on the ground of fraud must be brought within six years after the discovery by the aggrieved party of the facts constituting such fraud. But when the second section of the so-called " Throop Code " (Code Civ. Pro.) was adopted (L. 1880, ch. 178) section 1750 provided that such an action might be maintained " at any time, by the party whose consent was so obtained." Upon enactment of the Civil Practice Act (L. 1920, ch. 925) this language was carried over into section 1139 thereof. In *Campbell* v. *Campbell* (239 App. Div. 682, 683, affd. 264 N. Y. 616) the court held that " it was the intention of the Legislature * * * to eliminate all affirmative defenses based upon a limitation of time in an annulment action which is predicated upon the ground of fraud ".

In 1954 a bill (Assembly Int. No. 912, Pr. No. 918) passed the Legislature but was vetoed by the Governor (Public Papers Governor Dewey, 1954, p. 185; 1954 Legis. Annual, p. 427). This would have amended section 49 of the Civil Practice Act (listing actions to be commenced within three years) by adding a new subdivision to include an action to annul a marriage on the ground of fraud. The veto appears to have been for the reason that the Legislature had failed to consider the provisions of section 1139 of the Civil Practice Act, which gave not only a cause of action during lifetime to a defrauded spouse but also either during such lifetime or thereafter to " any relative of that party who has an interest to avoid the marriage ".

The following year both sections were amended (L. 1955, ch. 257). A new subdivision 9 was added to section 49 (Civ. Prac. Act) listing such an action as one that must be commenced within three years but the cause was not deemed to have accrued until the discovery by plaintiff of the facts constituting the fraud. Both this subdivision and a further amendment of section 1139 made it clear that these limitation provisions were applicable whether the action was brought by the spouse or a relative of the spouse.

Subdivision 9 of section 49 of the Civil Practice Act is now found in CPLR 214 (subd. 7). The language has been changed but there is no change of substance. (Cf. 1 Weinstein-Korn-Miller, N. Y. Civ. Prac., p. 2-218.) Section 1139 of the Civil Practice Act is now found in subdivision (e) of section 140 of the Domestic Relations Law. Contained therein is a provision

making applicable to such an action the limitations of time found in CPLR.

The contention of appellant that the issue of time limitation may only be raised in a defended action and where such a defense is affirmatively pleaded is without merit. It is true that as to common-law actions, such as to recover on a debt, the rule is that the statute does not discharge the debt but simply bars the remedy thereon. (*Hulbert* v. *Clark,* 128 N. Y. 295, 302; *Matter of City of New York* [*Harlem Riv. Drive*], 278 App. Div. 122, 124, affd. 303 N. Y. 828; 34 Am. Jur., Limitation of Actions, § 11.)

There was no power, however, at common law to annul marriages and there is no general equitable jurisdiction to set aside marriages. The power to deal therewith must be found in the statutes (*Stokes* v. *Stokes,* 198 N. Y. 301, 304; *Davidson* v. *Ream,* 178 App. Div. 362, 366; 16 N. Y. Jur., Domestic Relations, § 833). In such event the rule is that '' where a statute creates a cause of action unknown at common law, the filing of a complaint within the prescribed period is a condition precedent to recovery, and the cause of action is extinguished after running of the period; thus, the expiration of the period not only bars the remedy but destroys the liability.'' (2 Carmody-Wait 2d, New York Practice, § 13.9; *Gatti Paper Stock Corp.* v. *Erie R. R. Co.,* 247 App. Div. 45, 47, affd. 272 N. Y. 535.) It follows that plaintiff lost both remedy and right to enforce the remedy when she failed to commence her action within the statutory period.

It is true, as plaintiff contends, that her cause of action had accrued prior to the 1955 amendment of the statute that shortened the period to three years. Where the time for the enforcement of such an existing right is so shortened a party must be afforded a reasonable time in which to prosecute his claim (cf. *Reid* v. *Board of Supervisors of Albany County,* 128 N. Y. 364, 373). Here more than nine years elapsed between the time of the enactment of the statute fixing the new period of limitation and the commencement of this action. This afforded plaintiff more than a reasonable opportunity to act.

The order should be affirmed.

WILLIAMS, P. J., HENRY, DEL VECCHIO and MARSH, JJ., concur.

Order unanimously affirmed, without costs of this appeal to either party.